A CERTIFIED TRUE COPY

MAR - 4 2003

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

RECEIVED
MAIL ROOM

MAR - 5 2003   JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

U.S. DISTRICT COURT
ARKANSAS   MAR - 4 2003

FILED
CLERK'S OFFICE
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

*DOCKET NO. 1507*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

MAR 0 5 2003

*IN RE PREMPRO PRODUCTS LIABILITY LITIGATION*

JAMES W. McCORMACK, CLERK
By:_____
DEP CLER

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation consists at the present time of the six actions listed on the attached Schedule A and pending in four districts as follows: three actions in the Central District of California, and one action each in the Eastern District of Arkansas, the Northern District of Illinois, and the Middle District of Louisiana.[1] Plaintiffs in all actions except the Louisiana action move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the Central District of California. Sole defendants Wyeth and its subsidiary, Wyeth Pharmaceuticals Corp., oppose centralization. Should the Panel determine to order centralization, then these responding defendants would support selection of the Northern District of Illinois, or some other geographically central district, as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Arkansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions before the Panel are brought against the Wyeth defendants by persons allegedly injured by Prempro, a hormone combination of estrogen and progestin used in the treatment of menopausal symptoms. The actions in this docket thus present complex common questions of fact concerning, inter alia, i) the development, testing, manufacturing and marketing of Prempro, and ii) defendants' knowledge concerning the drug's possible adverse effects. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the question of class certification), and conserve the resources of the parties, their counsel and the judiciary.

---

*Judge Selya took no part in the decision of this matter. Additionally, in light of the fact that Judge Miller and his spouse could be members of the putative class(es) in this litigation, each of them has filed with the Clerk of the Panel a formal renunciation of any claim that he or she might have as a putative class member, thereby removing any basis for a disqualification of Judge Miller on that ground.

[1] The Panel has been notified of eight potentially related actions pending in the Central District of California, the Southern District of Florida, the Northern and Southern Districts of Illinois, the Eastern District of Louisiana, the Eastern District of New York, the District of Puerto Rico, and the Northern District of West Virginia. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

Much of defendants' objection to centralization is rooted in their contentions that claims involving the use of Prempro have not yet "matured," or that the interests behind Section 1407 can be better accommodated in this docket through separate voluntary coordinating efforts. We are not persuaded by these arguments. We note that, including the potential tag-along actions identified thus far, there are already thirteen actions pending in nine different federal districts. If the Panel were to adopt the defendants' concept of maturity, many of the judges assigned to the various actions would be required to needlessly replicate other judges' work on such matters as class action certifications, medical monitoring claims, the structuring of confidentiality and other discovery orders, the scheduling of depositions and other discovery, rulings on motions to dismiss, and so forth. Only when such common pretrial matters had been repetitiously resolved in an undetermined number of federal actions would defendants concede that Section 1407 centralization might then become appropriate. We conclude that such an approach would defeat the very purposes leading to the enactment of Section 1407. And while we applaud defendants' spirit of cooperation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that discovery demands and other pretrial matters do not duplicate activity that has already occurred or is occurring in other actions. We note also that transfer under Section 1407 has the additional salutary effect of placing the actions before one judge who can formulate a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Given the range of locations of parties and witnesses in this docket and the geographic dispersal of current and anticipated constituent actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the Eastern District of Arkansas is an appropriate forum for this docket, we note that the Arkansas district, where one constituent action is already pending, is a geographically central district equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Arkansas are transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable William R. Wilson, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

**MDL-1507 -- In re Prempro Products Liability Litigation**

### Eastern District of Arkansas

*Sharon Cook, et al. v. Wyeth Inc., et* al., C.A. No. 4:02-529

### Central District of California

*Manuela Favela v. Wyeth, Inc., et al.*, C.A. No. 2:02-5893
*Janice Szabo, et al. v. Wyeth, Inc., et al.*, C.A. No. 2:02-7628
*Jane Krznaric v. Wyeth, Inc., et al.*, C.A. No. 2:02-7692

### Northern District of Illinois

*Gayle Lewers, et al. v. Wyeth, Inc., et al.*, C.A. No. 1:02-4970

### Middle District of Louisiana

*Trudie Attuso, et al. v. Wyeth, Inc., et al.*, C.A. No. 3:02-852

bm

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


March 7, 2003


* * MAILING CERTIFICATE OF CLERK * *


Re:   4:03-cv-01507.


True and correct copies of the attached were mailed by the clerk to the
following:


    William Gary Holt, Esq.
    Gary Eubanks & Associates
    Post Office Box 3887
    Little Rock, AR   72203-3887

    Lyn Peeples Pruitt, Esq.
    Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
    425 West Capitol Avenue
    Suite 1800
    Little Rock, AR   72201-3525

    press


                                      James W. McCormack, Clerk

Date:   3/7/03                        BY: