IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 16 2003
JAMES W. McCORMACK, CLERK
By:_____ WP CLERK

| | | |
|---|---|---|
| IN RE: | ) | MDL DOCKET NO. 4:03CV1507 WRW |
| PREMPRO PRODUCTS LIABILITY | ) | |
| | ) | JUDGE WILLIAM R. WILSON, JR. |

## RESPONSE TO INITIAL COURT ORDER OF APRIL 8, 2003

Jan P. Helder, Jr. of Stueve Helder Siegel LLP, Kenneth Moll of Kenneth B. Moll & Associates Ltd., Michel Mills of Perona, Langer, Beck & Lallande and Russell Marlin of Gary Eubanks & Associates, for their joint response to the Initial Court Order of April 8, 2003, state as follows:

The above counsel represent plaintiffs in the following actions consolidated into this Court: Favela v. Wyeth Inc. (C.D. Cal); Cook v. Wyeth (E.D. Ark); Krznaric v. Wyeth (C.D. Cal.); Lewers v. Wyeth (N.D. Ill); Szabo v. Wyeth (C.D. Cal.); Alexander v. Wyeth (D. Col.); Phelps v. Wyeth (S.D. Fla.); Dooley v. Wyeth (D. Kan); Slater v. Wyeth (W.D. Mo.); and Leone v. Wyeth (S.D.NY). These counsel have prepared a draft Case Management Order (attached hereto) that does not yet contain proposed discovery deadlines. On behalf of this plaintiffs group, Jan P. Helder, Jr. has been in contact with Lane Heard of Williams & Connolly, counsel for defendant. Messrs. Helder and Heard have agreed that discussion between plaintiffs and defendant should take place prior to proposing dates to the Court and plan to convene a meeting of plaintiffs' counsel and defense counsel prior to their first appearance before the Court.

The draft Case Management Order addresses plaintiffs' views of the various roles for the leadership of plaintiffs. Given the expedited nature of this response, this plaintiffs' group intends to work further with other plaintiffs' counsel, as well as the defendants, in an effort to refine and finalize the proposed Case Management Order for this Court's consideration.

Respectfully submitted:

**STUEVE HELDER SIEGEL LLP**
Jan P. Helder
Brian J. Madden
330 W. 47th Street, Suite 250
Kansas City MO 64112
(816) 714-7100
Fax: (816) 714-7101


**KENNETH B. MOLL & ASSOCIATES, LTD..**
Kenneth B. Moll
Michael O'Meara
Three First National Plaza
Thirty Seventh Floor
Chicago IL 60602


**PERONA LAGER BECK & LALLANDE**
Michel Mills
300 East San Antonio Drive
P.O. Box 7948
Long Beach CA 90807-0948
(562) 426-6155
Fax: (562) 490-9823

**GARY EUBANKS & ASSOCIATES**

_____
Russell Marlin
708 West Second
P.O. Box 3887
Little Rock AR 72203-3887
(501) 372-0266
Fax: (501) 688-7441

# SERVICE LIST

**PLAINTIFFS' ATTORNEYS:**

Kevin Frank Calcagnie, Esq.
Mark Robinson, Jr., Esq.
ROBINSON CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, California 92660
ATTORNEYS FOR FAVELA

William Gary Holt, Esq.
Russell Marlin, Esq.
GARY EUBANKS & ASSOCIATES, LTD.
Post Office BOX 3887
Little Rock, Arkansas 72203-3887
ATTORNEYS FOR COOK AND BOLANDER

C. Keith Greer, Esq.
GREER & ASSOCIATES
16787 Bernardo Center Drive
Suite 14
San Diego, California 942128
ATTORNEYS FOR KRZNARIC

Timothy Earle Pujol, Esq.
PERCY, PUJOL & WALL
712 North Burnside Avenue
Post Office Box 1096
Gonzalez, Louisiana 70707
ATTORNEY FOR ATTUSO

**ATTORNEYS FOR DEFENDANTS:**

Dan Webb, Esq.
Bruce Braun, Esq.
Alexis MacDowell, Esq.
WINSTON & STRAWN
35 West Wacker Drive
Chicago, Illinois 60601

Lyn Peeples Pruitt
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capital Avenue
Suite 1800
Little Rock, Arkansas 72201-3525

Michelle Fujimoto, Esq.
Frank Rothrock, Esq.
Paul La Scala, Esq.
PALMIERI TYLER WIENER
   WILHELM & WALDRON
2603 Main Street
Suite 1300, East tower
Irvine, California 92614-6228

F. Lane Heard, Esq.
WILLIAMS & CONNOLLY
Edward Bennet Williams Building
725 12th Street NW
Washington, D.C. 20005

Henri Wolbrette, III, Esq.
McGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, Louisiana 22071

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

IN RE PREMPRO PRODUCTS
LIABILITY LITIGATION.

MDL - 1507

## CASE MANAGEMENT ORDER

WILLIAM R. WILSON, JR., District Judge.

It appearing that the cases listed on Attachment A, which have been filed in or transferred to this Court pursuant to 28 U.S.C. 1407, merit special attention as complex litigation, it is hereby

**ORDERED**, as follows:

**1. Filing; Service**

    **1.1.**    Filing of this Order. A copy of this Order shall be filed in each case listed in Attachment A. In cases subsequently filed, a copy will be provided by the Clerk to each plaintiff at the time of filing the complaint and will be served with the complaint on any defendant not previously a party in these cases. In cases subsequently removed or transferred to this Court, a copy will be provided by the Clerk to each new party upon removal or transfer.

    **1.2.**    Acceptable Service. To eliminate disputes over service of process and reduce the expense of such service, Wyeth, Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter "defendant" or collectively, "Wyeth"), including Wyeth's

SHS-0193-14575

unincorporated divisions, have agreed to accept service of process in these cases (without, however, waiving any objections to personal jurisdiction or venue) if a copy of the summons and complaint is sent by certified mail, return receipt requested to:

> F. Lane Heard III
> Williams & Connolly, LLP
> 725 Twelfth Street, NW
> Washington, D.C. 20005

The agreement by the defendant to accept service of process in this manner applies to any case involving Prempro claims filed in any federal district court. Such service shall be made in accordance with Fed. R. Civ. P. 4(4) and, pursuant to Fed. R. Civ. P. 4(d)(3), defendant shall not be required to serve an answer to any complaint served in this manner until 60 days after return of the waiver of service.

1.3. Preservation of Records. Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall preserve also any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. Subject to further order of the Court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the Court.

1.4. Preliminary Information. To the extent not already presented, counsel will submit to the undersigned brief written statements setting forth the information set forth below. These statements will not be filed with the Clerk, will not be binding, will not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings. To the extent feasible, and to minimize the number of statements submitted to the Court that contain duplicate information, the statements of parties with similar interests should be consolidated and submitted as a single document.

    1.4.1 List of Affiliated Companies and Consent. To assist the court and other counsel in identifying any problems of recusal or disqualification, the submitted information shall include a list of all companies affiliated with the parties and of all counsel associated in the litigation.

    1.4.2 List of Pending Motions. The statements should briefly summarize the nature of pending motions and identify the cases in which they are pending.

    1.4.3 List of Pending State Cases. The statements shall list, to the extent known, the captions, docket numbers, venues, and judges presiding over similar cases in state courts.

2. **Interim Measures. Until otherwise ordered by the Court:**

    2.1. Pretrial Consolidation. The cases listed on Attachment A are consolidated for pretrial proceedings. This order shall govern the procedure for the litigation of each Included Action and all "add-on cases" that may be transferred to this

SHS-0193-14575

3

Court and coordinated as components of MDL - 1507. This Order shall apply to any and all related actions which are coordinated with the Included Actions. This order does not constitute a determination that these actions shall be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

**2.1.1** Master Docket and File. The Clerk will maintain a master docket and case file under the style "In re Prempro Product Liability Litigation (MDL-1507)" as master file number ___ Civ. _____. Orders, pleadings, motions and other documents bearing a caption similar to that of this Order will, when docketed and filed in the master file, be deemed docketed and filed in each individual case to the extent applicable and ordinarily will not be docketed separately or physically filed in such individual cases.

**2.1.2** Captions; Separate Filing. Orders, pleadings, motions and other documents will bear a caption similar to that of this Order. If generally applicable to all consolidated actions, they shall include in the caption the notation that they relate to "All Cases" and shall be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the number of the case(s) to which they apply, and extra copies shall be provided to the Clerk to facilitate filing and docketing both in the master case file and in each of the specified individual case files.

**2.2.** Pleadings. Each defendant is granted an extension of time for responding by motion or answer to the complaints to and including _____.

**2.3.** Motions.

    **2.3.1** No motion shall be filed under Rule 11, Rule 37, or Rule 56 without the movant first having sought a pre-motion conference with the Court.

    **2.3.2** No motion (other than under Rule 12) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

    **2.3.3** The time for the response or reply to any motion whether made in this court or in any transferor court is extended until a date or dates established by an appropriate scheduling order.

**2.4.** Discovery.

    **2.4.1** Non-filing of Discovery Documents. Pursuant to Fed. R. Civ. P. 5(4), discovery requests and responses will not be filed with the court except when specifically so ordered by the court or to the extent needed in connection with a motion.

    **2.4.2** Pending and New Discovery. Pending the development of a fair and efficient schedule, all outstanding discovery proceedings are suspended until further order of this Court, and no further discovery shall be initiated. This directive does not (A) preclude informal discovery regarding the identification and location of

relevant documents and witnesses; (B) preclude parties from stipulating to the conduct of a deposition that already has been scheduled; (C) prevent a party from voluntarily responding to an outstanding discovery request under Fed. R. Civ. P. 33, 34, or 36; or (D) authorize a party to suspend its efforts in gathering information needed to respond to a request under Fed. R. Civ. P. 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

**2.4.3** Document Depository. Defendant Wyeth and each of its affiliated entities shall continue to collect and review all documents relevant to the development, testing, marketing, sale and use of Prempro for the purpose of creating a document depository. It is intended that this document depository will be made available to all litigants in any federal or state case involving Prempro-related claims.

**2.4.4** Deadlines. Orders issued by transferor courts imposing dates for initiation or completion of discovery are vacated.

**2.5.** **Later Cases.** The interim orders contained in this paragraph 2, including pretrial consolidation, shall apply automatically to actions later instituted in or removed or transferred to this Court (including "add-on" and other cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims relating to Prempro. Objections to such consolidation or other terms of this Order shall promptly be filed, with a copy served on counsel for plaintiffs and defendants. The terms of all orders, rulings and/or decisions with respect to

any allegations contained in the Consolidated Amended Complaint, if one is adopted, including determinations on motions for summary adjudication, shall be applied to all later actions instituted herein, except on a showing of good cause.

### 3. Organization of Plaintiffs' Counsel.

    **3.1.** Executive Committee

        **3.1.1** There shall be an Executive Committee consisting of:

> Jan P. Helder, Jr.
> Stueve Helder Siegel LLP
> 330 West 47th Street
> Kansas City, MO 64112
>
> Michel F. Mills
> Perona, Langer, Beck, Lallande & Serbin
> 300 E. San Antonio Drive
> P.O. Box 7948
> Long Beach, CA 90807
>
> Kenneth B. Moll
> Kenneth B. Moll & Associates, Ltd.
> Three First National Plaza
> 54th Floor
> Chicago, IL 60602

        **3.1.2** Jan P. Helder, Jr. and the firm of Stueve Helder Siegel LLP, and Kenneth B. Moll and the firm of Kenneth B. Moll & Associates, Ltd. shall be Co-Chairs of the Executive Committee. The three executive committee members shall serve collectively as lead and trial counsel.

        **3.1.3** Plaintiffs' Executive Committee shall be responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

SHS-0193-14575

7

a. determine (after such consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on matters arising during pretrial proceedings;

b. coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, except that discovery and motions initiated by defendants directed to named individual plaintiffs shall be handled by the attorney for those individuals;

c. delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

d. enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

e. call meetings of the Plaintiffs' Executive Committee for the purpose of proposing joint action;

f.  organize themselves and agree on a plan for conducting the litigation on behalf of all plaintiffs;

g.  advance all costs necessary for proof of all plaintiffs' claims generally;

h.  file, if necessary, a Consolidated Amended Complaint;

i.  conduct pre-trial, trial and post-trial proceedings;

j.  brief and argue motions for the plaintiffs and file opposing briefs and argue motions in proceedings initiated by other parties (except as to matters specifically directed to individual plaintiffs and their counsel);

k.  consult with and employ experts;

l.  call meetings of plaintiffs' counsel when appropriate and to consult with plaintiffs' counsel on matters of common concern;

m.  maintain time and expense records for work performed by or on behalf of the Plaintiffs' Executive Committee, and to otherwise monitor work performed by the Plaintiffs' Executive Committee and those it has specifically authorized to perform work on behalf of the Plaintiffs' Executive Committee;

n.  perform all tasks necessary to carry out the functions of the Plaintiffs' Executive Committee and to properly coordinate plaintiffs' pretrial activities;

o. except as to matters relevant only to a specific case, counsel who wish to initiate discovery or file motions must first seek authorization from the Plaintiffs' Executive Committee to initiate such motions or discovery. If, after reasonable consultation with the Plaintiffs' Executive Committee's a determination can not be agreed upon, then counsel may petition the Court for relief to initiate such discovery or motions;

p. negotiate settlements, subject to court approval, on behalf of plaintiffs;

q. in the event of a settlement, to propose a Plan of Allocation;

r. brief and argue motions relating to class certification for the plaintiffs and to file briefs in proceedings initiated by other parties, in connection with class certification or other class issues.

s. prepare and distribute to the parties periodic status reports;

t. monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures or time and funds are avoided; and

u. perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

      3.1.4    No discovery or other actions or work in this litigation shall be undertaken on behalf of any plaintiff except at the direction or with permission of the Lead Counsel and/or Executive Committee, provided, however, that any attorney aggrieved by any refusal of permission may seek review of such refusal by the Court.

**3.2.**    Plaintiffs' Liaison Counsel

    **3.2.1**    Plaintiffs' Liaison Counsel shall be:

> Russell Marlin
> Gary Eubanks & Assoc.
> P.O. Box 3887
> Little Rock, AR 72203-3887

    **3.2.2**    Plaintiffs' Liaison Counsel shall:

    a.    maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list of all counsel, including the date of the most recent revision;

    b.    receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

    c.    maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

    d.    act as spokesperson on behalf of plaintiffs at pretrial conferences and hearings subject to the right of each party to present individual or divergent positions;

    e.  coordinate and communicate with defendants' counsel with respect to the matters addressed in this paragraph.

**3.3.**  Plaintiffs' Steering Committee

  **3.3.1**  Plaintiffs' Steering Committee ("PSC") shall be composed of Plaintiffs' Executive Committee, Plaintiffs Liaison Counsel and:

    **<insert other interested counsel>**

  **3.3.2**  The members of PSC shall from time to time consult with Plaintiffs' Executive Committee in coordinating the plaintiffs pretrial activities and in planning for trial.

**3.4.**  Pending Motions. All pending motions for appointment to the Executive Committee and PSC, to the extent they seek relief inconsistent with the structure here established, are denied.

## 4. Compensation and Time and Expense Records

**4.1.**  Record Keeping. Counsel who anticipate seeking an award of attorneys' fees and reimbursement of expenditures from the Court shall comply with the directives contained in The Manual for Complex Litigation, Third § 41.32 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred. Members of the Plaintiffs' Executive Committee, Liaison Counsel and the PSC are appointed with the understanding that they will not be compensated for services rendered in their court-appointed positions. However, in the event that the efforts of counsel confer a substantial benefit upon other counsel and their clients, the Court

may consider reimbursing counsel for costs expended for the common benefit of plaintiffs and providing compensation to counsel on terms to be determined at the appropriate time.

5. **Service of Documents**

   **5.1.** Orders. A copy of each order will be provided to Plaintiffs' Liaison Counsel and counsel for Wyeth for distribution as appropriate to other counsel and parties.

   **5.2.** Pleadings, Motions, and Other Documents. Plaintiffs' Liaison Counsel and counsel for Wyeth will be provided with sufficient copies of each pleading, motion, or other document filed by a party. Pursuant to Fed. R. Civ. P. 5, service on Plaintiffs' Liaison Counsel constitutes service on other attorneys and parties for whom Plaintiffs' Liaison Counsel is acting, such service being deemed effective seven days after service on Plaintiffs' Liaison Counsel.

6. **Formulation of Schedule for Pretrial Proceedings**

   **6.1.** **Submission of Proposed Schedule**

   **6.1.1** The Court intends to fix at or promptly after the next pretrial conference a date by which all discovery and other pretrial proceedings in these cases, including discovery with respect to individual plaintiffs, will be concluded and the cases ready for trial and/or disposition by motion. Plaintiffs' Executive Committee and defendants' counsel shall meet and confer with a view toward reaching agreement on a comprehensive schedule to accomplish

SHS-0193-14575                                      13

this goal at the earliest practicable time. The parties shall submit their agreed plan or, failing agreement, their respective plans in writing on or before _____. In the event the parties, or any of them, seek a period longer than one year for the accomplishment of this goal, the submission(s) shall contain detailed justification for any such extended period.

6.2.  **Next Pretrial Conference.** The next pretrial conference will be held on _____, 2003 at 9:00 a.m., at which time the Court will address the proposed schedule and such other matters as may be useful.

7. **Class Actions**

    7.1.  **Consolidated Class Action Complaint.** A single consolidated amended class action complaint shall be served and filed no later than _____.

    7.2.  **Class Action Motion.** The proposed schedule for pretrial proceedings (supra, § 6.1, shall include a schedule for litigation of the class certification issue.

8. **Court Appointed Experts**

    Any proposal for the appointment of experts by the Court shall be served and filed no later than _____. Any response thereto shall be served and filed no later than _____.

9. **Electronic Means of Aiding Discovery and Pretrial Proceedings**

    Plaintiffs' Executive Committee and defendants' counsel shall meet and confer with a view toward reaching agreement on electronic means of storing and retrieving documents produced in discovery in these actions and of making

available to all counsel in electronic form pleadings and other documents filed in these actions. The parties shall submit a written report on their efforts on or before June 30, 2003.

**10. Court Web Site <?>**

All or substantially all orders entered in these cases will be available on the Court's public Web site (www.are.uscourts.gov) at approximately the time they are filed either in summary form or in PDF format.

**11. Reference to Magistrate Judge <we may want to cut this out>**

This case is referred to Magistrate Judge _____ solely for the purpose of acting on discovery matters when the undersigned is not available.

Dated:

                         William R. Wilson, Jr.
                         United States District Judge