

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 15 2003

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

In re:                                     :

                                           :           **MDL Docket No. 4:03CV1507 WRW**

PREMPRO PRODUCTS LIABILITY                 :
LITIGATION                                 :           **ALL CASES**

                                           :

## JOINT SUBMISSION FOR CONFERENCE OF MAY 19, 2003

Pursuant to the Court's Initial Order (April 8, 2003), Lead Counsel for the parties

jointly submit the following proposed orders for consideration during the initial conference of

May 19, 2003:  Practice and Procedure Order No. 1 and Practice and Procedure Order No. 2.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG, GATES &
WOODYARD, P.L.L.C.

_Lyn Pruitt / sea_

Lyn P. Pruitt
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800
(501) 688-8817 (fax)

Liaison Counsel for Defendants Wyeth, Wyeth
Pharmaceuticals, and Wyeth Pharmaceuticals
Inc.

GARY EUBANKS & ASSOCIATES

_Russell Marlin / sea_

Russell Marlin
708 West Second
P.O. Box 3887
Little Rock, AR  72203-3887
(501) 372-0266
(501) 688-7441 (fax)

Liaison Counsel for Plaintiffs

Dated:  May 15, 2003.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2003 a true and correct copy of the Joint Submission for Conference of May 19, 2003, was forwarded by first-class mail, postage prepaid, to the parties listed on the attached Service List.

Lyn P. Pruitt

## Service List

| Law Firm | Attorney Name | Address/Phone | Party Represented |
|---|---|---|---|
| Gary Eubanks & Associates | Russell Marlin<br>William Gary Holt | P.O. Box 3887<br>Little Rock, AR 72203-3887<br>(501) 372-0266 | Sharon Cook<br>Gale Bolander |
| Girard, Gibbs & DeBartolomeo LLP | A.J. DeBartolomeo | 601 California Street<br>Suite 1400<br>San Francisco, CA 94108 | Kay Floyd<br>Janice Szabo |
| Greer & Associates | D. Keith Greer | 16787 Bernardo Center Drive<br>Suite 14<br>San Diego, CA 94212 | Jan Krznaric |
| Kenneth B. Moll & Associates, Ltd. | Kenneth B. Moll | Three First National Plaza<br>54th Floor<br>Chicago, IL 60602 | Elizabeth Katz<br>Gayle Lewers<br>Edith Livingston<br>Walter Livingston |
| Mitchell, Williams, Selig, Gates & Woodyar | Lyn Peeples Pruitt | 425 West Capitol Avenue<br>Suite 1800<br>Little Rock, AR 72201-3525<br>(501) 688-8800 | Wyeth, Inc.<br>Wyeth Pharmaceuticals |
| Percy, Pujol & Wall | Timothy Earle Pujol | 712 North Burnside Avenue<br>P.O. Box 1096<br>Gonzales, LA 70707 | Trudie Attuso<br>Wayne Attuso |
| Perona, Langer, Beck, Lalland & Serbin | Michel F. Mills | 300 East San Antonio Drive<br>P.O. Box 7948<br>Long Beach, CA 90807 | Manuela Favela |
| Williams & Connolly | F. Lane Heard III | Edward Bennett Williams Building<br>725 12th Street, N.W.<br>Washington, D.C. 20005 | Wyeth fka American Home Products Corp.<br>Wyeth Pharmaceuticals fka Wyeth-Ayerst Pharmaceuticals, Inc. |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

In re:                                    :        MDL Docket No. 4:03CV1507 WRW
                                          :
PREMPRO PRODUCTS LIABILITY                :              ALL CASES
LITIGATION                                :

## PRACTICE AND PROCEDURE ORDER NO. 1

1.      **SCOPE**

   1.1    This Order, issued pursuant to 18 U.S.C. § 1407(a), shall govern the practice and

          procedure in: (1) those actions transferred to this Court by the Judicial Panel on

          Multidistrict Litigation, pursuant to its order of **March 4,** 2003; and (2) all related

          cases originally filed in this Court or transferred or removed to this Court.

   1.2    This order shall also govern the practice and procedure in: (1) any tag-along

          actions transferred to this Court by the Judicial Panel on Multidistrict Litigation,

          pursuant to Rule 1 of the Rules of Procedure of that Panel, subsequent to the filing

          of the final transfer order by the Clerk of this Court; and (2) any related actions

          subsequently filed in this Court or otherwise transferred or removed to this Court.

2.      **FILING AND SERVICE**

   2.1    A signed original and two copies of any pleading or paper shall be filed.  All

          papers filed in these actions shall bear the identification **"MDL Docket No.**

          **4:03CV1507 WRW,"** and when the paper relates to all these actions, the MDL

          docket number shall be followed only by the notation "ALL CASES."  If the

          paper does not relate to all of these actions, then the individual docket numbers

          assigned by the Clerk of this Court of those actions to which the paper relates

shall also be listed.  If the paper relates to five or fewer actions, the abbreviated caption of each of the actions may be listed opposite its number.

2.2   Any paper filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

2.3   Faxed pleadings will not be accepted for filing by the Clerk's Office or by Judge Wilson's chambers.

2.4   Any paper filed in any of these actions that is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of those papers and shall file only one paper on behalf of all so joined.

2.5   Wyeth has agreed to waive service of summons pursuant to Rule 4(d) of the Fed. R. Civ. P. in federal cases subject to transfer pursuant to 28 U.S.C. § 1407. Wyeth shall be relieved of the obligation to answer any complaint not yet answered and the complaints in subsequent "tag along" actions, and the answers filed in *Slater v. Wyeth*, Case No. 03-4016-CV-C-NKL and *Sheppard, et al. v. Wyeth Pharmaceuticals, Inc., et al.*, Case No. 2:03-CV-271-PG shall be deemed the answer in such actions.

2.6   Counsel named in 2.6 agree to provide each other and Liaison Counsel with courtesy copies of all papers filed with the Court on the day of filing.  Service shall be deemed effective three (3) days after actual receipt, and shall be made upon the following in addition to Liaison Counsel:

In the case of service on Wyeth --

F. Lane Heard III
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

Stephen L. Urbanczyk
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

In the case of service upon plaintiffs --

Jan P. Helder, Jr.
Stueve Helder Siegel LLP
330 West 47th Street
Kansas City, MO 64112

Michel F. Mills
Perona, Langer, Beck, Lallande & Serbin
300 E. San Antonio Drive
P.O. Box 7948
Long Beach, CA 90807

In the case of case-specific filings, service shall also be made upon counsel for

plaintiff(s) in that case.

## 3.     APPEARANCE OF COUNSEL

3.1     Counsel who appeared in the transferor district court prior to the transfer need not

enter a separate appearance before this Court.

3.2     No parties to any of these actions shall be required to obtain local counsel in this

district, and the requirements of Local Rule 83.5 are waived as to any attorney

appearing in these actions who is duly admitted to practice before any United

States Court.  Attorneys who are not so admitted shall comply with Local Rule

83.5.  The Court will be liberal in granting waiver from the requirement that local

counsel be designated.

4.    **HEARINGS**

4.1    Hearings shall not be held on any motions filed, except by order of the Court.

5.    **PENDING MOTIONS AND ORDERS**

5.1    The parties shall advise the Court of any pending motions, filed in the transferor court, that require decision.  Absent such notice, the Court will not consider motions pending at the time of transfer.

5.2    Any orders, including protective orders, previously entered by this Court or any transferor district court shall remain in full force and effect, unless expressly vacated by subsequent order of this Court.

6.    **DISCOVERY AND MOTIONS**

6.1    No motion (other than under Rule 12) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

6.2    All disclosure obligations and discovery proceedings in these actions are stayed, except as provided in this Order.

6.3    Discovery requests and responses shall not be filed with the court except when specifically so ordered by the court or to the extent needed in connection with a motion.

7.    **MANUAL FOR COMPLEX LITIGATION**

7.1    The Court will be guided by the Manual for Complex Litigation - Third, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

8.      **ORGANIZATION OF PLAINTIFFS' COUNSEL.**

8.1     Lead Counsel

8.1.1   Lead Counsel shall be:

> Jan P. Helder, Jr.
> Stueve Helder Siegel LLP
> 330 West 47th Street
> Kansas City, MO 64112
>
> Michel F. Mills
> Perona, Langer, Beck, Lallande & Serbin
> 300 E. San Antonio Drive
> P.O. Box 7948
> Long Beach, CA 90807

8.1.2   Lead Counsel shall be responsible for prosecuting the class claims as more specifically defined in this order, as well as coordinating the pre-trial proceedings conducted by counsel for the individual personal injury plaintiffs, and shall with respect to the class claims:

(a)     determine (after such consultation with members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on matters arising during pretrial proceedings;

(b)     coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, except that discovery and motions initiated by

5

defendants directed to named individual plaintiffs shall be handled by the attorney for those individuals;

(c)     delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

(d)     enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

(e)     call meetings of the Plaintiffs' Steering Committee for the purpose of proposing joint action;

(f)     organize themselves and agree on a plan for conducting the litigation on behalf of all plaintiffs;

(g)     advance all costs on behalf of the Plaintiffs' Steering Committee necessary and related to class certification and proof of such class claims subject to the reimbursement by Plaintiffs' Steering Committee members in the manner provided in 8.3.3.  Counsel in individual personal injury cases shall be responsible for advancing all costs on behalf of their respective clients in their respective cases;

(h)     file an amended Master Class Action Complaint;

(i)     conduct pre-trial, trial and post-trial proceedings of the class claims;

(j)     brief and argue motions for the plaintiffs and file opposing briefs and argue motions in proceedings initiated by other parties (except

as to matters specifically directed to individual plaintiffs and their counsel);

(k)     consult with and employ experts with respect to the class claims;

(l)     call meetings of plaintiffs' counsel when appropriate and to consult with plaintiffs' counsel on matters of common concern;

(m)     maintain time and expense records for work performed, costs incurred and other disbursements made for class certification, proof of class claims and related matters advanced by Lead Counsel on behalf of the Plaintiffs' Steering Committee and to report in writing to the Plaintiffs' Steering Committee concerning expenses, disbursements and receipts;

(n)     monitor work performed by the Plaintiffs' Steering Committee and those whose work it has specifically authorized;

(o)     perform all tasks necessary to carry out the functions of Lead Counsel and to properly coordinate plaintiffs' pretrial activities;

(p)     authorize plaintiffs' counsel to initiate case-specific motions and discovery;

(q)     negotiate settlements, subject to court approval, on behalf of plaintiffs;

(r)     in the event of a settlement, to propose a plan of allocation; and

(s)     prepare and distribute to the parties periodic status reports.

8.1.3   No discovery or other action or work in this litigation shall be undertaken on behalf of any plaintiff except at the direction or with permission of

7

Lead Counsel; provided, however, that any attorney aggrieved by any refusal of permission may seek review of such refusal by the Court.

8.2     Plaintiffs' Liaison Counsel

    8.2.1   Plaintiffs' Liaison Counsel shall be:

> Russell Marlin
> Gary Eubanks & Assoc.
> P.O. Box 3887
> Little Rock, AR 72203-3887

    8.2.2   Plaintiffs' Liaison Counsel shall:

        (a)   maintain and distribute to the Court, co-counsel and to Defendants' Liaison Counsel an up-to-date service list of all plaintiffs' counsel, including the date of the most recent revision;

        (b)   receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

        (c)   maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

        (d)   act as spokesperson on behalf of plaintiffs at pretrial conferences and hearings subject to the right of each party to present individual or divergent positions;

        (e)   coordinate and communicate with defendants' counsel with respect to the matters addressed in this paragraph.

8.3     Plaintiffs' Steering Committee

    8.3.1   Plaintiffs' Steering Committee ("PSC") shall be composed of Lead Counsel, Plaintiffs' Liaison Counsel and:

<insert other interested counsel>

8.3.2    The members of PSC shall from time to time consult with Lead Counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

8.3.3    Procedures and practices relative to reimbursement of expenses advanced pursuant to 8.1.3(g) shall initially be as follows:  Each plaintiffs' counsel who participates as a member of the Plaintiffs Steering Committee shall transmit to a fund established by Lead Counsel an initial assessment of $____ within thirty days of this Order or from the date said counsel joins the Steering Committee.  These initial assessments will be used to begin the class certification phase of this coordinated litigation.  Further assessments and fees, if any, shall be deferred until further Order of the Court.  These further assessments could included, but are not limited to, a specific dollar amount per case by a specific date if the case is not settled and dismissed by that date, and/or a percentage of a settlement or verdict if the case is not dismissed by a certain date.

8.4    Pending Motions. All pending motions for appointment to the PSC, to the extent they seek relief inconsistent with the structure here established, are denied.

9.    **COMPENSATION AND TIME AND EXPENSE RECORDS**

Counsel who anticipate seeking an award of attorneys' fees and reimbursement of expenditures from the Court shall comply with the directives contained in The Manual for Complex Litigation, Third § 41.32 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred. Lead Counsel, Liaison Counsel and the PSC are appointed with the understanding that

they will not be compensated for services rendered in their court-appointed positions. However, in the event that the efforts of counsel confer a substantial benefit upon other counsel and their clients, the Court may consider reimbursing counsel for costs expended for the common benefit of plaintiffs and providing compensation to counsel on terms to be determined at the appropriate time.

10.   **ORGANIZATION OF DEFENDANTS' COUNSEL**

10.1   Designation of Defendants' Liaison and Lead Counsel.

Liaison Counsel for Wyeth shall be:

> Lyn P. Pruitt
> Mitchell, Williams, Selig, Gates & Woodyard
> 425 West Capitol Avenue, Suite 1800
> Little Rock, AR 72201-3525

Lead Counsel for Wyeth shall be:

> John W. Vardaman, Jr.
> Stephen L. Urbanczyk
> F. Lane Heard III
> Williams & Connolly LLP
> 725 12th Street, NW
> Washington, DC  20005

10.2   Responsibilities of Defendants' Liaison Counsel.

Defendants' Liaison Counsel shall have the following responsibilities:

(a)   to notify the MDL Panel of tag-along cases;

(b)   maintain and distribute to the Court, co-counsel and to Plaintiffs' Liaison Counsel an up-to-date service list of all defendants' counsel, including the date of the most recent revision;

(c)     to receive orders and notices from the Court on behalf of all

defendants and to transmit copies of such orders and notices to the

parties in the Liaison Group;

(d)     to maintain complete files of copies of such orders and notices and

to make the files available to defendants' counsel upon request;

and

(e)     to receive orders and notices from the Judicial Panel on

Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules

of Procedure on behalf of all defendants and to transmit, or

otherwise communicate the substance of, such orders and notices

to defendants' counsel.

## 11.    MODIFICATIONS TO THE LOCAL RULES

The local rules of this Court shall apply, except Rules 5.5(c)(1), 16.1, 26.1, 26.2, and

83.5, which are (or will be) superseded by this and subsequent practice and procedure

orders.

## 12.    CONFIDENTIALITY ORDER

All documents produced in this litigation will be subject to the Confidentiality

Order attached as Exhibit A.

13.    **SCHEDULE FOR CLASS CERTIFICATION DETERMINATION**

13.1    The issue of class certification shall be prepared for an early hearing.  Except as

provided in 14, the parties shall not conduct "merits" discovery until decision of

the class certification issue or further order of this Court.

13.2    The schedule for a class certification determination shall be:

| | |
|---|---|
| Plaintiffs file Master Class Action Complaint and consolidated Motion for Class Certification (without memorandum in support), clearly defining the class and sub-classes, if any | July 15, 2003 |
| Plaintiffs make the disclosures described in paragraph 13.3 | August 1, 2003 |
| Collection and production of medical records and other relevant documents for class certification purposes; depositions re class certification issues, including but not limited to depositions of class representatives, Wyeth employees and/or 30(b)(6) representative(s), and experts | August 1, 2003 – January 15, 2004 |
| Plaintiffs disclose experts, if any, re class certification | August 15, 2003 |
| Wyeth discloses experts, if any, re class certification | October 15, 2003 |
| Plaintiffs disclose rebuttal experts, if any, re class certification | December 15, 2003 |
| Plaintiffs file memorandum in support of class certification | January 30, 2004 |
| Wyeth files opposition to class certification | March 1, 2004 |
| Plaintiffs' reply | March 19, 2004 |
| Wyeth's sur-reply | March 31, 2004 |
| Hearing | _____ |

13.3    For each class representative named in the Master Complaint, plaintiffs shall

disclose or provide the following information or documents:

(a)    the name and address of the doctor(s) who prescribed Prempro for

her;

(b)     the name and address of each doctor consulted or who provided treatment for any reason from the date of her initial Prempro prescription (or prescription for other hormone therapy or hormonal contraceptive, whichever is earliest) to date;

(c)     the name and address of each employer from the date of the initial Prempro prescription to date;

(d)     the name and address of each pharmacy that filled a Prempro prescription for her;

(e)     any materials about Prempro or hormone replacement therapy that she received, read, and/or viewed; and

(f)     HIPAA-compliant medical authorization.

13.4    If the number of class representatives named in the Master Complaint is less than twelve (12), then Wyeth shall be entitled to designate an additional number of deponents to equal that number. The additional deponents shall be selected from the class representatives named in pending class action complaints, and they shall make the disclosures required by paragraph 13.3.

13.5    Wyeth will treat as confidential any medical records secured pursuant to 13.3(f) and will provide Lead Counsel copies of such records.

13.6    The deponent class representatives per 13.4 will not be subject to additional deposition examination as to matters on which they could have been examined at the time of the initial deposition except upon stipulation or by order of the court.

Wyeth will make a good faith effort to conduct the examination such that a further deposition is unnecessary.

13.7    Wyeth shall make disclosures relevant to class certification on a schedule to be submitted by the parties after further discussion.  The parties expect to submit a schedule no later than June 13, which schedule will call for Wyeth to make initial disclosure by August 1, 2003.

13.8    Wyeth shall make a limited number of employees available for deposition on issues relevant to class certification.  The number of witnesses and limitations on the length of examination will be the subject of further discussion between plaintiffs and Wyeth in light of the disclosures made pursuant to 13.7.

13.9    The designation of experts shall be accompanied by a report that complies with Fed. R. Civ. P. 26(a)(2)(B).

## 14.    SCHEDULE FOR DISCOVERY ON THE MERITS

"Merits" document discovery shall be limited to the following pending decision of the class certification issue:

A.      No earlier than August 1, 2003, Lead Counsel may file interrogatories and document requests.  Responses will be made at a time agreed to by the parties or ordered by the Court.

B.      The disclosures made pursuant to 13.7.

C.      Wyeth shall establish an electronic document depository and make disclosures on a schedule to be determined by the parties after further discussion.

15.    **CONFERENCES**

15.1    The Court will hold a discovery conference following determination of the class

certification issue to establish a schedule for further discovery and proceedings.

15.2    The Court will hold [telephonic] status conferences at approximately [30-45] day

intervals pending submission of the class certification issue.

IT IS SO ORDERED.


_____

William R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

In re:                                      :          **MDL Docket No. 4:03CV1507 WRW**

                                            :

**PREMPRO PRODUCTS LIABILITY**              :               **ALL CASES**
**LITIGATION**                              :

## CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, it is ORDERED pursuant to the court's authority under Fed. R. Civ. P. 26(c):

1.    **Definitions**

    A.    "Confidential Information" means information concerning proprietary research and development; business and marketing strategy; regulatory compliance and communication; financial results and projections; patient medical monitoring and study data; patient medical records and similar documentation and which is designated as "Confidential" by the Producing Party (or, in the case of medical records, by the party securing the records), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

    B.    "Stamped Confidential Document" means any document which bears the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) to signify that it contains Confidential Information subject to protection under Fed. R. Civ. P. 26(c)(7) and this Order.

**EXHIBIT**

_A_

1

C.     "Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

D.     "Producing Party" means the party that produced the Stamped Confidential Document.

**2.     Non-disclosure of Stamped Confidential Documents.**

A.     Except with the prior written consent of the Producing Party, or as hereinafter provided in this Order, Stamped Confidential Documents may not be disclosed to any person.

B.     A Producing Party may, in its discretion, disclose its designated Stamped Confidential Documents to any person.

C.     Stamped Confidential Documents may be disclosed to:

(1)     the parties and counsel of record for the parties in MDL-1507, including the partners, associates, "contract attorneys," secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation;

(2)     Judges and court reporters, court personnel or videographers present at trial, hearings, arguments or depositions held in this matter.

(3)     Other persons who may be designated by written consent of the Producing Party or pursuant to Court Order.

D.      Subject to sub-paragraph E, Stamped Confidential Documents may also be disclosed to:

(1)      persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify;

(2)      consultants or experts retained for the purpose of assisting counsel of record in MDL-1507; and

(3)      third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Stamped Confidential Documents.

E.      Before disclosing Stamped Confidential Documents to any person pursuant to paragraph D, the party proposing such disclosure shall show a copy of this Confidentiality Order to such person, and she/he shall sign the Undertaking attached as Exhibit 1.  The party shall file the undertaking and may, in its discretion, do so *in camera* and under seal.

F.      Before disclosing Stamped Confidential Documents pursuant to paragraph D to any person who is a competitor (or an employee of a competitor) of the Producing Party, the party proposing to make such disclosure shall give at least 14 days' advance notice in writing to counsel for the Producing Party, which notice shall identify the person(s) to whom the disclosure will be made.  If, within the 14 day period, the Producing Party objects in writing to the proposed disclosure, disclosure shall not be made until the parties have resolved the matter or the court has ruled on it.  In ruling, the Court should determine whether the objecting party has shown good cause why the proposed disclosure should not be permitted.

G.      A recipient of Stamped Confidential Documents shall maintain them in a secure area and shall exercise due care to restrict access to those persons described in 2(C)(1).  Any

summary or copy of, or excerpt from, a Stamped Confidential Document shall be subject to this

Order to the same extent as the Stamped Confidential Document itself, and must be labeled as

Confidential.  A recipient shall not duplicate any Stamped Confidential Document except for use

as working copies and for filing in court.

**3.      Declassification of Stamped Confidential Documents.**

A party may challenge the propriety of a confidential designation at any time

prior to the commencement of trial by motion, after first conferring over disputed issues in

accordance with the local rules.  Taking into account the number of documents as to which the

designation is being challenged, the parties agree to consent to a motion for a reasonable

extension of time to oppose any such challenge.

**4.      Confidential Information in Depositions.**

A.      A deponent other than a current employee of the Producing Party shall be shown a

copy of this Order and shall be asked to sign the undertaking attached as Exhibit 1 before being

shown or examined about Stamped Confidential Documents, except that any deponent may be

shown and examined about Stamped Confidential Documents without being shown this Order

and being asked to sign the undertaking if the document reflects that the deponent was the author

or recipient.  Notwithstanding whether a deponent signs the undertaking, this Order shall apply

to any deponent who is shown or examined about Stamped Confidential Documents.

B.      Parties (and deponents) may, within 45 days after receiving the deposition

transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as

confidential by underlining or otherwise designating the portions of the pages that are

confidential.  The parties and the court reporter shall thereafter mark such pages in all copies of

the transcript with the following legend, "CONFIDENTIAL – SUBJECT TO

CONFIDENTIALITY ORDER."  Until expiration of the 45 day period, the entire deposition will

be treated as subject to this Order.  If the deposition transcript is filed and a timely designation has been made, the confidential portions and exhibits shall be filed under seal.

**5.     Subpoena for Stamped Confidential Documents.**

If Stamped Confidential Documents are subpoenaed by any person, court, administrative or legislative body, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until twenty (20) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena.  If the Producing Party objects to the subpoena, the party to whom the subpoena is directed agrees not to produce documents in response to it until the resolution of the objection by the appropriate court.

**6.     Filing and Use of Stamped Confidential Documents for Pre-trial Purposes.**

A.     Stamped Confidential Documents shall be filed under seal and shall remain sealed in the office of the Clerk so long as they retain their status as Stamped Confidential Documents.

B.     To the extent that any party wishes to use Stamped Confidential Documents during a hearing in this action, such party agrees to notify the Producing Party and the Court at least ten (10) days in advance of the hearing so that the hearing can be conducted *in camera*, and agrees to submit any Stamped Confidential Documents to the Court for its *in camera* inspection. In the event that, during any hearing in which a party submits Stamped Confidential Documents, the Court cannot ensure the continued confidentiality of such inforamtion, or any party or person objects to the procedures set forth in this paragraph, the parties agree to the entry of a temporary sealing order until a motion to seal court records permanently is filed and ruled upon.  Any transcript of an *in camera* hearing shall be treated as confidential pursuant to this Order.

7.      **Use of Stamped Confidential Documents at Trial**

Use of Stamped Confidential Documents at trial shall be determined by subsequent agreement of the parties or order of this Court.

8.      **Proper Use of Stamped Confidential Documents.**

Persons obtaining access to Stamped Confidential Documents pursuant to Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

9.      **Non-Termination.**

The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this or any related litigation, Stamped Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

10.     **Modification Permitted.**

Nothing in this order shall prevent any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this order, including further provisions for categories of documents requiring heightened protection.

11.     **Inadvertent Disclosure.**

A.      Any inadvertent disclosure of confidential, proprietary or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally

disclosed or more generally as to the subject matter of the information disclosed, or (2) the party's right to designate said material as confidential material pursuant to this Order.  A written representation by counsel for the Producing Party that the disclosure was inadvertent shall be deemed prima facie evidence of that fact.

B.     The Producing Party shall promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (i) shall in the case of a privileged document, return the inadvertently disclosed document forthwith, as well as all copies thereof; or (ii) in the case of a confidential, proprietary document, shall mark it and all copies with the legend, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER." In the event that the other party cannot comply with these requirements (because, for example, the inadvertently produced document has been given to a third party), the other party shall provide the Producing Party with the name, address and telephone number of such person(s) as well as the date of and reason for the transmission of said document.

C.     Notice of inadvertent disclosure shall apply to all copies of the document inadvertently disclosed, including documents inadvertently produced in cases other than MDL-1507 (such that inadvertent disclosure of a confidential or privileged document in another jurisdiction, or in non-Prempro litigation, shall not constitute a waiver of privilege under this Order).

**12.     Advertent Disclosure**

A.     Any advertent disclosure of a document reflecting that counsel received a copy shall not be deemed a waiver of any privilege or work product protection that attaches to the information accompanying the document, or of any privilege or work product protection attaching to advice given or work product created in response to the document.

B.      Any advertent disclosure of a document that counsel signed or initialed to reflect his/her approval or disapproval shall not be deemed a waiver of any privilege or work product protection that attaches to any advice given or work product created relating to the approval or disapproval.

Entered this _____ day of _____, 2003.


_____
William R. Wilson, Jr.
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | **MDL Docket No. 4:03CV1507 WRW** |
| | : | |
| **PREMPRO PRODUCTS LIABILITY** | : | **ALL CASES** |
| **LITIGATION** | : | |

**PRACTICE AND PROCEDURE ORDER NO. 2**

Depositions shall be governed by the following terms:

1.      **Deposition Notices**

        **A.**      All depositions in MDL-1507, except pursuant to Court order, will

be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Practice and Procedure Order

No. 2 (Re:  Deposition Guidelines) and may be cross-noticed in any Prempro action pending in a

state court.

        **B.**      This Order shall be attached to any non-party subpoena or

deposition notice.

        **C.**      Each deposition notice shall include the name and, if known, the

general occupational description of each deponent, the expected length of the deposition, and the

date, time, and place of the deposition.

        **D.**      Deposition notices shall state whether the deposition is to be

videotaped and, if so, the business name and address of the videotape recorder.  All videotape

depositions shall proceed pursuant to the provisions of paragraph 12, *infra*.

        **E.**      Counsel in any related federal or state action may suggest matters

for inquiry in any deposition noticed in MDL-1507 by providing to the appropriate Liaison

Counsel or their designee a written list and brief explanation of such matter or matters. Liaison

Counsel for plaintiffs:  Russell Marlin, Gary Eubanks & Assoc., P.O. Box 3887, Little Rock, AR

72203-3887.  Liaison Counsel for defendants:  Lyn P. Pruitt, Mitchell, Williams, Selig, Gates &

Woodyard, 425 West Capitol Avenue, Suite 1800, Little Rock, AR 72201-3525.

 2.     **Cooperation**

 Counsels are expected to cooperate with, and be courteous to, each other and

deponents.

 3.     **Scheduling**

 **A.**     Absent extraordinary circumstances, counsel shall consult with

opposing counsel and proposed deponents in advance in an effort to schedule depositions at

mutually convenient times and places.

 **B.**     More than one deposition may take place in MDL-1507 at the

same time; except that no more than two (2) Wyeth employees may be scheduled for deposition

on the same day.

 **C.**     Depositions must be noticed under Fed. R. Civ. P. 30 at least thirty

(30) calendar days in advance, with notice served upon Liaison Counsel by facsimile and mail.

Service upon Liaison Counsel shall be deemed service upon all parties.  A continued deposition

may be resumed upon ten (10) days' notice.

 4.     **Locations for Taking Depositions**

 **A.**     Unless otherwise agreed by Liaison Counsel, depositions of

plaintiffs will take place in each plaintiff's home district.

 **B.**     Unless otherwise agreed by Liaison Counsel, depositions of Wyeth

employees (past and current) will take place in one of the following locations, as designed by

Wyeth:

 - New York, New York;

- Madison, New Jersey;

- Philadelphia, Pennsylvania; or

- Washington, D.C.

**C.**     Unless otherwise agreed by Liaison Counsel, the deposition of an expert witness shall take place in the expert witness' home district.

**5.     Deposition Week**

In any week in which depositions will be taken, such depositions shall commence no earlier than noon on Monday and end no later than 1:00 p.m. on Friday of that week.

**6.     Deposition Day**

Except as stated above, the deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m.

**7.     Attendance**

**A.     Who May be Present.**  Unless otherwise agreed to by Liaison Counsel, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-1507 or state Prempro cases (including any employee or retained consultant of such attorney who is assisting in the litigation and whose presence is reasonably required by the attorney), in-house counsel for Wyeth, the court reporter, and the videographer. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of these categories.

**B.     Use of Confidential Documents.**  While a deponent is being examined about any document that is confidential because (i) Liaison Counsel have so agreed, (ii) a party has designated the document pursuant to the Confidentiality Order, or (iii) the Court has so ordered, attendance at that portion of the deposition by persons to whom disclosure is not

authorized by agreement of Liaison Counsel, the terms of the Confidentiality Order, or by court order shall be prohibited.

        **C.**     **Unnecessary Attendance.**  Unnecessary attendance by plaintiffs' counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interest to be adequately represented by the Plaintiffs' Steering Committee should not attend.

      **8.**    **Conduct of the Deposition**

      Except by order of the Court, the following provision shall apply at all depositions of fact witnesses:

        **A.**     **Selection of Attorneys to Conduct Examination.**

          **(1)**    One attorney will conduct the principal examination of the deponent on behalf of (i) the Plaintiffs' Steering Committee and plaintiffs in state court actions; and (ii) one attorney will contact the principal examination on behalf of Wyeth. The attorney so designated by the Plaintiffs' Steering Committee will coordinate with other plaintiffs' counsel reasonably in advance of the date scheduled for the deposition regarding the areas of examination in order to conduct a thorough examination.

          **(2)**    In some depositions there may be sufficient divergence of positions among parties on the same side of the case such that additional examiners may be appropriate on non-redundant (i.e., new) subject matters, in which event other attorneys will be permitted to examine deponents on non-redundant matters. The need for additional examiners and the non-redundant requirement will be strictly construed. The Plaintiffs' Steering Committee shall not be entitled to conduct any additional examination by virtue of the fact that one or more of its members may also represent plaintiffs in state court actions.

**B.     Objections.**

(1)     All objections as to relevance and admissibility shall be preserved for later ruling by the Court.  Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner.  A party may instruct a deponent not to answer only when necessary to preserve a privilege, to endorse a limitation on evidence directed by the court, or to present a motion.

(2)     Objections to the responsiveness of the answer shall be stated by the examining attorney, or by counsel for parties other than the witness, with the single word "objection" following the answer.  Only if the attorney representing the witness requests it shall additional explanation be given.

(3)     As soon as any one attorney representing a party to this litigation states the word "objection," all parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answerer.  Counsel for other parties shall not repeat the objection.  Only if an explanation for the basis of the objection is requested may counsel other than the first to object reiterate the objection and explain.

**C.     Directions Not to Answer; Suspension of a Deposition.**

(1)     Directions to the deponent not to answer are improper except on the ground of privilege or to enable a party or deponent to present a motion for protective order on the grounds that it is being conducted in bad faith, or in such manner as to unreasonably annoy, embarrass, or oppress the party or the deponent.  Such directions shall be kept to the bare minimum.  All grounds for an instruction not to answer a question must be stated at the time the instruction is given or be waived.  When a privilege is claimed, the witness must nevertheless answer questions relevant to the basis, or waiver, of the privilege, such as the date

of a communication, who made it, to whom and in whose presence, and the identity of other persons to whom the communication may have been disclosed.

   (2) If a deposition is suspended on the grounds set forth in (c)(1), the party who suspended the deposition shall file and serve a motion for a protective order under Fed. R. Civ. P. 26(c) within ten (10) days of a suspension of the deposition.  If a motion for protective order is not timely filed, a motion to compel and for sanctions under Fed. R. Civ. P. 37 may be filed by the examining party.

   **D.** **Objections to Documents.**  Objections to the admissibility of documents are not waived and are reserved for later ruling by the Court or trial judge.

   **E.** **Sequence of Examination – Depositions Taken by Plaintiffs.** Questioning at the depositions to be taken by plaintiffs will be conducted in the following sequence:

   (1) the primary examiner selected by the Plaintiffs' Steering Committee;

   (2) other MDL-1507 plaintiffs' attorneys on non-redundant matters;

   (3) the primary examiner selected by Wyeth;

   (4) individual counsel for the deponent, if any;

   (5) any recross or redirect by 1-4, supra;

   (6) examination by plaintiffs' and defense attorneys in cross-noticed state cases in the following order:  counsel for state plaintiffs on non-redundant matters; counsel for state defendants on non-redundant matters; counsel for the deponent; any re-cross and redirect.

   **F.** **Sequence of Examination – Depositions Taken by Wyeth.** Questioning at the depositions to be taken by defendants shall be conducted in the following sequence:

(1)     the primary examiner selected by Wyeth;

(2)     the primary examiner selected by Plaintiffs' Steering Committee;

(3)     any other MDL-1507 plaintiffs' attorney on non-redundant matters;

(4)     individual counsel for the deponent, if any;

(5)     any recross and redirect by 1-4, supra;

(6)     examination by plaintiffs' and defense attorneys in cross-noticed state cases in the following order:  counsel for state defendants on non-redundant matters; counsel for state plaintiffs on non-redundant matters; counsel for the deponent; any recross and redirect.

**G.      Smoking and Use of Other Tobacco Products.**  There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during, or after a deposition, or in the deposition room during deposition recesses.

**9.      Documents**

**A.      Production of Documents.**  Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition.  This provision shall not supersede any preexisting agreement or order governing which documents should be produced and/or when.

**B.      Copies.**  Extra hard copies of documents about which counsel expect to examine the deponent should be provided to the reporter, primary counsel for the parties, the deponent, and deponent's counsel during the course of the deposition.

**C.      Marking of Deposition Exhibits.**  The first time a document is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the

document.  Documents that have not been previously produced shall be assigned a Bates number from a range of numbers reserved for this purpose.  Thereafter, the exhibit shall be referred to by its deposition exhibit number, and plaintiffs' deposition exhibits and defendants' deposition exhibits shall each be numbered sequentially running from deposition to deposition.

### 10.   Videotaped Depositions

The provisions of this order regarding examination of deponents apply to videotaped depositions.  Any deposition may be videotaped at the request of a party pursuant to the following terms and conditions:

**A.**   **Stenographic Recording.**  A certified court reporter shall simultaneously record stenographically all deposition proceedings and testimony.  The court reporter shall administer the oath or affirmation to the deponent on camera.  The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing; exhibits).

**B.**   **Cost of Deposition.**  The noticing party shall bear the expense of videotaping and stenographic recording.  Requests for taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

**C.**   **Videotape Operator.**  The video camera shall be operated by an experienced video camera operator.  The operator shall be subject to the provisions of Fed. R. Civ. P. 28(c).

**D.**   **Identification of Persons in Attendance.**  Before the deposition commences, each person in attendance shall give the court reporter his or her name, firm or business affiliation, business address, and the name of the client he or she represents.  The list of these people shall be included at the beginning of the deposition transcript.

**E.**     **Interruptions.**  The video camera operation will be suspended during the deposition only by agreement of counsel examining and defending the deposition, and "off the record" discussions shall not be videotape recorded.  The video camera operator shall record on camera at the time of suspension and any subsequent reconvening of the deposition.

**F.**     **Standards.**  Depositions will be conducted in a manner designed to replicate, to the extent feasible, the presentation of evidence at trial.

**G.**     **Index.**  The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussion, mechanical failure, or otherwise.

**H.**     **Filing.**  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter.

**I.**     **Objections.**  Objections and instructions not to answer at videotape depositions are subject to the provisions of paragraph 8(b)-(d) of this Order.  If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall be provided to the Court.

**J.**     **Technical Data.**  Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included with copies of the videotapes.

**K.     Video Camera System.**  The party noticing the deposition may use two or three video cameras.  The cameras shall videotape the deponent, questioner, and/or exhibit.  The camera(s) on deponent and/or questioner shall be only a "head and shoulders/waist up" shot.

**11.     Real-Time Transcription**

Any party may arrange for "real-time" transcription of a deposition at its cost. Notice to other parties is not required.

**12.     Obtaining Copies of Transcripts and Videotapes**

Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting Liaison counsel.

**13.     Supplemental Depositions**

Except as provided in sections 13 and 14 of Practice and Procedure Order No. 1, witnesses shall not be subjected to more than one deposition, nor to repetitive and redundant questioning.  To that end:

**A.     A** party not present at a deposition may, within ninety (90) business days after the completion of the deposition; upon a good faith determination that further inquiry of the deponent is necessary, notify Liaison Counsel that it will move this Court for an order allowing resumption of the deposition.

**B.     A** party whose case is transferred to MDL-1507 after a deposition has been taken and who did not receive service of a cross-notice, may within sixty (60) days of the Transfer Order, and upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties that it will move the this Court for an order allowing resumption of the deposition.

C.     The notice shall identify with specificity those areas where the party believes further examination is necessary, state how the MDL-1507 deposition ( and other depositions of the witness placed in the depository) was inadequate or incomplete, state whether the movant has conferred with the primary examiner regarding these supplemental areas of examination, and demonstrate that further examination would be relevant and non-redundant. The parties shall meet and confer in an effort to resolve whether the witness will be made available for a supplemental deposition.

D.     If no resolution is reached, the party seeking the supplemental deposition may move the Court for an order allowing resumption.  Within fourteen (14) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL-1507 deposition (or any other deposition of the witness in the depository) adequately covered the area or areas sought to be explored in the supplemental deposition or that the testimony sought is not relevant and non-redundant.

E.     No further or supplemental deposition will be permitted (i) by any party having received notice in MDL-1507 of the original deposition or (ii) by any party represented by counsel on the Plaintiffs' Steering Committee (where the original deposition was taken by a member of the Committee), except upon order of the MDL-1507 Court on good cause shown.

F.     The supplemental deposition shall be treated as the resumption of the deposition originally noticed.  During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order

11

allowing the resumed deposition.  The resumed deposition shall be taken at the same location as

the initial deposition unless otherwise agreed to by the parties and the deponent.

      **G.**    Nothing herein shall be deemed to limit the right of a defendant to

take the *de bene esse* deposition of a witness whose deposition was previously taken by

plaintiffs.  Plaintiffs shall not object to defendants' taking of such *de bene esse* depositions on

the ground that the witness was previously deposed.

### 14.    Correction and Signing Deposition

      The transcript of a deposition shall be submitted to the deponent for correction

and signature within thirty (30) days after the completion of the deposition.  The deposition may

be signed by the deponent before any notary or pursuant to 28 U.S.C. § 1746.  If no corrections

are made within sixty (60) days after completion of the deposition, the transcript will be deemed

accurate.

### 15.    Rulings Concerning Disputes at Depositions

      **A.**    Disputes arising during depositions that cannot be resolved by

agreement and that if not immediately resolved will significantly disrupt the deposition schedule,

would require a rescheduling of the deposition, or might result in the need to conduct a

supplemental deposition, may be presented to the undersigned or Magistrate Judge H. David

Young by telephone.  In the first instance, the parties are directed to negotiate such disputes in

good faith.  In the event agreement cannot be reached after such negotiation, any party seeking a

ruling from the Court shall arrange a telephone conference call within the undersigned's or the

Magistrate Judge's law clerk at the Court's earliest convenience.  Facilities shall be provided so

that counsel attending the deposition and the deposition reporter can hear the proceedings.  The

deposition reporter shall make a transcript of the conference call proceedings, which shall be

transcribed immediately and bound separately.  During such proceedings, counsel shall have the

opportunity to argue to the Court, and the Court will, whenever possible, resolve the dispute during the conference call proceedings.

      **B.**     Alternatively, the parties may present the dispute to the Court in writing. Each side must submit on four (4) pages a summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits. The undersigned's telephone and telecopier numbers are _____ and _____ respectively, and Magistrate Judge H. David Young, telephone number is 501-604-5184. These numbers should be used with discretion, not as a matter of course.

      **C.**     In the event the Court is unavailable by telephone or telecopier to resolved disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

      **D.**     None of the provisions in this paragraph shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

      **E.**     The Court will exercise the authority granted under 28 U.S.C. § 1407(b) to act as District Judge in any district in which a deposition is being taken.

      IT IS SO ORDERED.


_____
William R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE