

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 10 2003

JAMES W. McCORMACK, CLERK
By: _____
DEP. CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507 WRW** |
| | : | |
| **PREMPRO PRODUCTS LIABILITY** | : | **ALL CASES** |
| **LITIGATION** | : | |

## ORDER NO. 1 - PRACTICE AND PROCEDURE

**1.     SCOPE**

1.1     This Order, issued pursuant to 18 U.S.C. § 1407(a), will govern the practice and procedure in: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its order of **March 4**, 2003; and (2) all related cases originally filed in this Court or transferred or removed to this Court.

1.2     This Order will also govern the practice and procedure in: (1) any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to Rule 1 of the Rules of Procedure of that Panel, i.e., those actions transferred after the filing of the final transfer order by the Clerk of this Court; and (2) any related actions subsequently filed in this Court or transferred or removed to this Court.

**2.     FILING AND SERVICE**

2.1     A signed original and two copies of any pleading or paper will be filed.  All papers filed in these actions must bear the identification **"MDL Docket No. 4:03CV1507 WRW,"** and when the paper relates to all these actions, the MDL

15

docket number must be followed only by the notation ALL CASES. If the paper does not relate to all of these actions, then the individual docket numbers of those actions to which the paper relates, as assigned by the Clerk of this Court, must also be listed. If the paper relates to five or fewer actions, the abbreviated caption of each of the actions may be listed opposite its number.

2.2   Any paper filed in any of these actions must be filed with the Clerk of this Court and not with the transferor district court. No pleadings will be accepted or filed by any member of the staff of the District Judge or Magistrate Judge.

2.3   Faxed pleadings will not be accepted for filing by the Clerk's Office or by the Court.

2.4   Any paper filed in any of these actions that is substantially identical to any other paper filed in another of these actions will be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they must join in the submission of those papers and will file only one paper on behalf of all so joined.

2.5   Wyeth has agreed to waive service of summons pursuant to Fed. R. Civ. P. 4(d) in federal cases subject to transfer pursuant to 28 U.S.C. § 1407. Wyeth is relieved of the obligation to answer any complaint not yet answered and the complaints in subsequent tag-along actions, and the answers filed in *Slater v. Wyeth*, Case No. 03-4016-CV-C-NKL, and *Sheppard, et al. v. Wyeth Pharmaceuticals, Inc., et al.*, Case No. 2:03-CV-271-PG, will be deemed the answer in such actions.

2.6   Counsel named in 2.6 agree to provide each other, Liaison Counsel and the Court with courtesy copies of all papers filed with the Clerk, on the day of filing. The

Court's copy should be marked, Attn: Ms. Mary Johnson, 600 West Capitol,

Room 325, Little Rock, Arkansas 72201 and placed in the MDL box in Ms.

Johnson's office.  Service will be deemed effective in accordance with the Federal

Rules of Civil Procedure, and will be made upon the following, in addition to

Liasion Counsel:

In the case of service on Wyeth --

> F. Lane Heard III, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C.  20005
> PH: 202-434-5000
> FAX: 202-434-5029

> Stephen L. Urbanczyk
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C.  20005
> PH: 202-434-5000
> FAX: 202-434-5029

In the case of service upon plaintiffs --

> Jan P. Helder, Jr.
> Stueve Helder Siegel LLP
> 330 West 47th Street
> Kansas City, MO 64112
> PH: 816-714-7100
> FAX: 816-714-7101

> Michel F. Mills
> Perona, Langer, Beck, Lallande & Serbin
> 300 E. San Antonio Drive
> P.O. Box 7948
> Long Beach, CA 90807
> PH: 562-426-6155
> FAX: 562-490-9823

In the case of case-specific filings, service must also be made upon counsel for plaintiff(s) in that case.

2.7     Plaintiffs' Liaison Counsel will provide a copy to incoming counsel of all Orders in MDL 4:03CV01507 regarding practice and procedures in this Court.

3.     **APPEARANCE OF COUNSEL**

3.1     Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

3.2     No parties to any of these actions will be required to obtain local counsel in this district, and the requirements of Local Rule 83.5 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court. Attorneys who are not so admitted to a United States District Court must comply with Local Rule 83.5. The Court will be liberal in granting waivers from the requirement that local counsel be designated.

4.     **HEARINGS**

4.1     Hearings will not be held on any motions filed, except by order of the Court. Requests for Hearings may be made. All Requests for Hearings must be in writing.

5.     **PENDING MOTIONS AND ORDERS**

5.1     The parties must advise the Court of any pending motions, filed in the transferor court, that require decision. Absent such notice, the Court will not consider motions pending at the time of transfer.

5.2　　Any orders, including protective orders, previously entered by this Court or any transferor district court will remain in full force and effect, unless expressly vacated by subsequent order of this Court.

## 6.　DISCOVERY AND MOTIONS

6.1　　No motion (other than under Fed. R. Civ. P. 12) will be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.  A request for a telephone conference should be made by calling Ms. Johnson at 501-604-5144.

6.2　　All disclosure obligations and discovery proceedings in these actions are stayed, except as provided in this Order.

6.3　　Discovery requests and responses will not be filed with this Court except when specifically ordered by the Court or to the extent needed in connection with a motion.

## 7.　MANUAL FOR COMPLEX LITIGATION

7.1　　The Court will be guided by the Manual for Complex Litigation - Third, approved by the Judicial Conference of the United States, and counsel are directed to become well acquainted with that publication.

## 8.　ORGANIZATION OF PLAINTIFFS' COUNSEL.

8.1　　Lead Counsel

8.1.1   Lead Counsel shall be:

> Jan P. Helder, Jr.
> Stueve Helder Siegel LLP
> 330 West 47th Street
> Kansas City, MO 64112
> PH: 816-714-7100
> FAX: 816-714-7101
>
> Michel F. Mills
> Perona, Langer, Beck, Lallande & Serbin
> 300 E. San Antonio Drive
> P.O. Box 7948
> Long Beach, CA 90807
> PH: 562-426-6155
> FAX: 562-490-9823

8.1.2   Lead Counsel will be responsible for prosecuting the class claims as more specifically defined in this Order, as well as coordinating the pretrial proceedings conducted by counsel for the individual personal injury plaintiffs.  With respect to the class claims Lead Counsel must:

(a)   determine (after such consultation with members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on matters arising during pretrial proceedings;

(b)   coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, except that discovery and motions initiated by defendants directed to named individual plaintiffs will be handled by the attorney for those individuals;

(c)     delegate specific tasks to other counsel in a manner to ensure that
        pretrial preparation for the plaintiffs is conducted effectively,
        efficiently, and economically;

(d)     enter into stipulations, with opposing counsel, necessary for the
        conduct of the litigation;

(e)     call meetings of the Plaintiffs' Steering Committee for the purpose
        of proposing joint action;

(f)     organize themselves and agree on a plan for conducting the
        litigation on behalf of all plaintiffs;

(g)     advance all costs on behalf of the Plaintiffs' Steering Committee
        necessary and related to class certification and proof of such class
        claims subject to reimbursement by Plaintiffs' Steering Committee
        members in the manner provided in 8.3.3. Counsel in individual
        personal injury cases will be responsible for advancing all costs on
        behalf of their respective clients in their respective cases;

(h)     file an Amended Master Class Action Complaint;

(i)     conduct pretrial, trial and post-trial proceedings of the class claims;

(j)     brief and argue motions for the plaintiffs and file opposing briefs
        and argue motions in proceedings initiated by other parties (except
        as to matters specifically directed to individual plaintiffs and their
        counsel);

(k)     consult with and employ experts with respect to the class claims;

(l)     call meetings of plaintiffs' counsel when appropriate to consult
        with plaintiffs' counsel on matters of common concern;

(m)     maintain time and expense records for work performed, costs
        incurred and other disbursements made for class certification,
        proof of class claims and related matters advanced by Lead

Counsel on behalf of the Plaintiffs' Steering Committee and report, with reasonable regularity, in writing, to the Plaintiffs' Steering Committee concerning expenses, disbursements and receipts;

(n)    monitor work performed by the Plaintiffs' Steering Committee and those whose work it has specifically authorized;

(o)    perform all tasks necessary to carry out the functions of Lead Counsel and to properly coordinate plaintiffs' pretrial activities;

(p)    authorize plaintiffs' counsel to initiate case-specific motions and discovery;

(q)    negotiate settlements, subject to court approval, on behalf of plaintiffs;

(r)    if there is a settlement, propose a plan of allocation; and

(s)    prepare and distribute to the parties periodic status reports.

8.1.3    No discovery or other action or work in this litigation will be undertaken on behalf of any plaintiff except at the direction or with permission of Lead Counsel; provided, however, that any attorney aggrieved by any refusal of permission may seek Court review of the refusal.

8.2    Plaintiffs' Liaison Counsel

8.2.1    Plaintiffs' Liaison Counsel is:

> Russell Marlin, Esq.
> Gary Holt, Esq.
> Gary Eubanks & Assoc.
> P.O. Box 3887
> Little Rock, AR 72203-3887
> PH: 501-372-0266
> FAX: 501-688-7741

8.2.2    Plaintiffs' Liaison Counsel must:

(a)    maintain and distribute to the Court, co-counsel and to Defendants' Liaison Counsel an up-to-date service list of all plaintiffs' counsel, including the date of the most recent revision;

(b)    receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

(c)    maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

(d)    act as spokesperson on behalf of plaintiffs at pretrial conferences and hearings subject to the right of each party to present individual or divergent positions;

(e)    coordinate and communicate with defendants' counsel with respect to the matters addressed in this paragraph.

8.3    Plaintiffs' Steering Committee

8.3.1    This Court reminds the parties of his intention to participate in the selection and appointment of counsel. If the Court determines it is necessary to hold a Hearing, it will be scheduled promptly. The membership of Plaintiffs' Steering Committee ("PSC") will be composed of Lead Counsel, Liaison Counsel and 10 additional members. Plaintiffs' Lead Counsel are to submit the names of additional proposed members by filing a Proposed Membership with the Court.

8.3.2    The members of PSC shall from time to time consult with Lead Counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

8.3.3    Procedures and practices relative to reimbursement of expenses advanced pursuant to 8.1.3(g) must initially be as follows: Each plaintiffs' counsel who participates as a member of the PSC must transmit an initial assessment to a fund. The proposed amount of the initial assessment should be presented to the Court for approval in a filing eleven (11) days from the entry of this Order. These initial assessments will be used to begin the class certification phase of this coordinated litigation. Further

assessments and fees, if any, will be deferred until further Order of the Court. These further assessments could include, but are not limited to, a specific dollar amount per case by a specific date if the case is not settled and dismissed by that date, and/or a percentage of a settlement or verdict if the case is not dismissed by a certain date.

8.4     The PSC, after its selection, should very early set up procedures for documenting and monitoring costs.

8.5     Pending Motions. All pending motions for appointment to the PSC, to the extent they seek relief inconsistent with the structure here established, are denied.

9.      **COMPENSATION AND TIME AND EXPENSE RECORDS**

Counsel who anticipate seeking an award of attorneys' fees and reimbursement of expenditures from the Court must comply with the directives contained in The Manual for Complex Litigation, Third 41.32, regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred. Lead Counsel, Liaison Counsel and the PSC are appointed with the understanding that they will not be compensated for services rendered in their court-appointed positions. However, if the efforts of counsel confer a substantial benefit upon other counsel and their clients, the Court may consider reimbursing counsel for costs expended for the common benefit of plaintiffs, and providing compensation to counsel on terms to be determined at the appropriate time.

10.     **ORGANIZATION OF DEFENDANTS' COUNSEL**

10.1    Designation of Defendants' Lead and Liaison Counsel.

-10-

Lead Counsel for Wyeth shall be:

> John W. Vardaman, Jr.
> Stephen L. Urbanczyk
> F. Lane Heard III
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, DC 20005
> PH: 202-434-5000
> FAX: 202-434-5029

Liaison Counsel for Wyeth shall be:

> Lyn P. Pruitt, Esq.
> Mitchell, Williams, Selig, Gates & Woodyard
> 425 West Capitol Avenue, Suite 1800
> Little Rock, Arkansas 72201
> PH: 501-688-8800
> FAX: 501-688-8807

10.2   Responsibilities of Defendants' Liaison Counsel.

Defendants' Liaison Counsel shall have the following responsibilities:

(a)   notify the MDL Panel of tag-along cases;

(b)   maintain and distribute to the Court, co-counsel and to Plaintiffs' Liaison Counsel an up-to-date service list of all defendants' counsel, including the date of the most recent revision;

(c)   receive orders and notices from the Court on behalf of all defendants and transmit copies of such orders and notices to the parties in the Liaison Group;

(d)   maintain complete files of copies of such orders and notices and make the files available to defendants' counsel upon request; and

(e)   receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all defendants and transmit, or otherwise communicate the substance of, such orders and notices to defendants' counsel.

**11.     MODIFICATIONS TO THE LOCAL RULES**

The local rules of this Court will apply, except Rules 5.5(c)(1), 16.1, 23 (as it applies to the 90-day issue), 26.1, 26.2, and 83.5, which are (or will be) superseded by this and subsequent practice and procedure orders.

**12.     CONFIDENTIALITY ORDER**

It is likely that an appropriate Confidentiality Order will be entered.  It will be separate, and will be drawn as narrowly as is reasonable.

**13.     SCHEDULE FOR CLASS CERTIFICATION DETERMINATION**

13.1     The issue of class certification shall be prepared for an early hearing.  Except as provided in 14, the parties shall not conduct  "merits" discovery until decision of the class certification issue or further order of this Court.

13.2     The schedule for a class certification determination is:

| | |
|---|---|
| Plaintiffs file Amended Master Class Action Complaint and consolidated Motion for Class Certification (without memorandum in support), clearly defining the class and sub-classes, if any | July 15, 2003 |
| Plaintiffs make the disclosures described in paragraph 13.3 | August 1, 2003 |
| Collection and production of medical records and other relevant documents for class certification purposes; depositions re: class certification issues, including but not limited to depositions of class representatives, Wyeth employees and/or 30(b)(6) representative(s) and experts | August 1, 2003<br><br>January 15, 2004 |
| Plaintiffs disclose experts, if any, re: class certification | August 15, 2003 |
| Wyeth discloses experts, if any, re: class certification | October 15, 2003 |
| Plaintiffs disclose rebuttal experts, if any, re: class certification | December 15, 2003 |
| Plaintiffs file memorandum in support of class certification | January 30, 2004 |
| Wyeth files opposition to class certification | March 1, 2004 |
| Plaintiffs' reply | March 19, 2004 |
| Wyeth's sur-reply | March 31, 2004 |
| Hearing | June 7, 2004 |

13.3     For each class representative named in the Master Complaint, plaintiffs must disclose or provide the following information or documents:

    (a)    the name and address of the doctor(s) who prescribed Prempro for her;

    (b)    the name and address of each doctor consulted or who provided treatment for any reason from the date of her initial Prempro prescription (or prescription for other hormone therapy or hormonal contraceptive, whichever is earliest) to date;

    (c)    the name and address of each employer from the date of the initial Prempro prescription to date;

    (d)    the name and address of each pharmacy that filled a Prempro prescription for her;

    (e)    any materials about Prempro or hormone replacement therapy that she received, read, and/or viewed; and

    (f)    HIPAA-compliant medical authorization.

13.4    If the number of Plaintiff class representatives named in the Master Complaint is less than twelve (12), then Wyeth will be entitled to designate an additional number of deponents to equal that number. The additional deponents will be selected from the class representatives named in pending class action complaints, and they must make the disclosures required by paragraph 13.3.

13.5    Wyeth will treat as confidential any medical records secured pursuant to 13.3(f) and will provide Lead Counsel copies of such records.

13.6    The deponent class representatives (13.4) will not be subject to additional deposition examination as to matters on which they could have been examined at the time of the initial deposition, except upon stipulation or by order of the Court. Wyeth will make a good faith effort to conduct the examination so that a further deposition is unnecessary.

13.7    Wyeth will make disclosures relevant to class certification on a schedule to be submitted by the parties after further discussion. The parties expect to submit a

schedule no later than June 13, 2003–it will require Wyeth to make initial disclosures by August 1, 2003.

13.8    Wyeth will make a limited number of employees available for deposition on issues relevant to class certification.  The number of witnesses and limitations on the length of examination will be the subject of further discussion between plaintiffs and Wyeth in light of the disclosures made pursuant to 13.7.

13.9    The designation of experts must be accompanied by a report that complies with Fed. R. Civ. P. 26(a)(2)(B).  This expert designation is only for the identification of experts on the issues relevant to class certification.

## 14.    SCHEDULE FOR DISCOVERY ON THE MERITS

14.1    "Merits" document discovery will be limited to the following, pending decision of the class certification issue:

A.      No earlier than August 1, 2003, Lead Counsel may file interrogatories and document requests.  Responses will be made at a time agreed to by the parties or ordered by the Court.

B.      The disclosures made pursuant to 13.7.

C.      Wyeth will establish an electronic document depository.  The process used to preserve and scan the documents must be approved by Order of this Court.  The schedule must also be approved by Court Order.  The issues of documents and the document depository will be resolved by separate Order.

## 15.    CONFERENCES

15.1    The Court will hold a discovery conference following determination of the class certification issue to establish a schedule for further discovery and proceedings.

15.2   The Court will hold telephone status conferences at approximately 45 day

intervals until class certification issue is submitted.

IT IS SO ORDERED this *10th* day of _____ *June* _____, 2003.

_____

UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP

ON 6/10/03 BY _____

-15-

F I L E   C O P Y

bm

**UNITED STATES DISTRICT COURT**
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

June 10, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re:  4:03-cv-01507.

True and correct copies of the attached were mailed by the clerk to the
following:

William Gary Holt, Esq.
Gary Eubanks & Associates
Post Office Box 3887
Little Rock, AR  72203-3887

Russell D. Marlin, Esq.
Gary Eubanks & Associates
Post Office Box 3887
Little Rock, AR  72203-3887

Michael S. O'Meara, Esq.
Kenneth B. Moll & Associates, LTD.
Three First National Plaza
Suite 5400
Chicago, IL  60602

Sonia S. Kinra, Esq.
Kenneth B. Moll & Associates, LTD.
Three First National Plaza
Suite 5400
Chicago, IL  60602

Hal J. Kleinman, Esq.
Kenneth B. Moll & Associates, LTD.
Three First National Plaza
Suite 5400
Chicago, IL  60602

Kenneth B. Moll, Esq.
Kenneth B. Moll & Associates, LTD.
Three First National Plaza
Suite 5400
Chicago, IL  60602

R. Ryland Percy, Esq.

Percy, Pujol & Wall
712 North Burnside Avenue
Post Office Box 1096
Gonzales, LA   70707

Carla S. Courtney, Esq.
Percy, Pujol & Wall
712 North Burnside Avenue
Post Office Box 1096
Gonzales, LA   70707

Timothy Earl Pujol, Esq.
Percy, Pujol & Wall
712 North Burnside Avenue
Post Office Box 1096
Gonzales, LA   70707

Michel F. Mills, Esq.
Perona, Langer, Beck, Lallande & Serbin
300 East San Antonio Drive
Long Beach, CA   90807-0948

Major A. Langer, Esq.
Perona, Langer, Beck, Lallande & Serbin
300 East San Antonio Drive
Long Beach, CA   90807-0948

Mark P. Robinson Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive
Suite 700
Newport Beach, CA   92660

Kevin Calcagnie, Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive
Suite 700
Newport Beach, CA   92660

C. Keith Greer, Esq.
Greer & Associates
16787 Bernardo Center Drive
Suite 14
San Diego, CA   92128

Eric H. Gibbs, Esq.
Girard, Gibbs & DeBartolomeo LLP
601 California Street
Suite 1400
San Francisco, CA   94108

A. J. DeBartolomeo, Esq.
Girard, Gibbs & DeBartolomeo LLP
601 California Street
Suite 1400
San Francisco, CA   94108

Gordon M. Fauth Jr., Esq.
Girard, Gibbs & DeBartolomeo
160 Sansome Street

Suite 300
San Francisco, CA  94104

Rosemary M. Rivas, Esq.
Girard, Gibbs & DeBartolomeo
160 Sansome Street
Suite 300
San Francisco, CA  94104

Brian Madden, Esq.
Stueve Helder Siegel, LLP
330 West 47th Street
Suite 250
Kansas City, MO  64112

William W. Sellers, Esq.
Stueve Helder Siegel, LLP
330 West 47th Street
Suite 250
Kansas City, MO  64112

Jan P. Helder Jr., Esq.
Stueve Helder Siegel, LLP
330 West 47th Street
Suite 250
Kansas City, MO  64112

D. Aaron Rihn, Esq.
Peirce, Raimond & Coulter
Gulf Tower
707 Grant Street
Suite 2500
Pittsburgh, PA  15219

Mark T. Coulter, Esq.
Peirce, Raimond & Coulter
Gulf Tower
707 Grant Street
Suite 2500
Pittsburgh, PA  15219

Paul W. Odenwald Jr., Esq.
Clark and Odenwald
3929 Tulane Avenue
New Orleans, LA  70119

Jeffrey A. Koncius, Esq.
Lange & Koncius, LLP
1880 Century Park East
Suite 900
Los Angeles, CA  90067

Joseph J.M. Lange, Esq.
Lange & Koncius, LLP
1880 Century Park East
Suite 900
Los Angeles, CA  90067

Marvin A. Brustin, Esq.
Attorney at Law

100 West Monroe Street
Suite 500
Chicago, IL  60603

Milo W. Lundblad, Esq.
Attorney at Law
100 West Monroe Street
Suite 500
Chicago, IL  60603

Robert M. Brush, Esq.
Brush & Pujol, P.A.
825 East Main Street
Lakeland, FL  33801

E. Alexander Pujol, Esq.
Brush & Pujol, P.A.
825 East Main Street
Lakeland, FL  33801

Edward W. Gerecke, Esq.
Carlton Fields, P.A.
Post Office Box 3239
Tampa, FL  33601-3239

Penelope A. Dixon, Esq.
Carlton Fields, P.A.
Post Office Box 3239
Tampa, FL  33601-3239

Stephen L. Urbanczyk, Esq.
Williams & Connolly
725 Twelfth Street, N.W.
Washington, DC  20005-5901

John W. Vardaman Jr., Esq.
Williams & Connolly
725 Twelfth Street, N.W.
Washington, DC  20005-5901

F. Lane Heard III, Esq.
Williams & Connolly
725 Twelfth Street, N.W.
Washington, DC  20005-5901

Lyn Peeples Pruitt, Esq.
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR  72201-3525

Paul B. La Scala, Esq.
Palmieri, Tyler, Wiener, Wilhelm & Waldron LLP
East Tower
2603 Main Street
Suite 1300
Irvine, CA  92614-6228

Frank C. Rothrock, Esq.
Palmieri, Tyler, Wiener, Wilhelm & Waldron LLP

East Tower
2603 Main Street
Suite 1300
Irvine, CA  92614-6228

Michelle M. Fujimoto, Esq.
Palmieri, Tyler, Wiener, Wilhelm & Waldron LLP
East Tower
2603 Main Street
Suite 1300
Irvine, CA  92614-6228

Dan K. Webb, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601-9703

Bruce R. Braun, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601-9703

Alexis MacDowall, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601-9703

Derek J. Sarafa, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601-9703

Anne D. Cartwright, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601-9703

Laura D. Cullison, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601-9703

Henri Wolbrette III, Esq.
McGlinchey Stafford
643 Magazine Street
Post Office Box 60643
New Orleans, LA  70160-0643

Kathleen A. Manning, Esq.
McGlinchey Stafford
643 Magazine Street
Post Office Box 60643
New Orleans, LA  70160-0643

Larry W. Blalock, Esq.
Jackson Kelly PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV  25322

Lynn Oliver Frye, Esq.
Jackson Kelly PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV  25322

Lucinda F. Fitch, Esq.
Jackson Kelly PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV  25322

V. Tad Greene, Esq.
Jackson Kelly PLLC
1144 Market Street
Post Office Box 871
Wheeling, WV  26003-0871

press

*MDL*

James W. McCormack, Clerk

Date: ___6/10/03___

BY: _____