FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

NOV 2 0 2003

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　　　　　　　　　DEP CLERK

In re:　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　:　　　**MDL Docket No. 4:03CV1507 WRW**

**PREMPRO PRODUCTS LIABILITY**　:

**LITIGATION**　　　　　　　　　　:　　　　　**ALL CASES**

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR RECONSIDERATION OF**
**PLAINTIFFS' STEERING COMMITTEE APPOINTMENTS**

The Court's Orders of November 12 and 14 appointed three new members of

the Plaintiffs' Steering Committee: Eileen McGeever, Shawn Khorammi and Patricia

Mitchell. This motion for reconsideration is prompted by the fact that these lawyers do not

represent clients in this litigation -- not in cases pending in MDL-1507, nor in cases that are

the subject of Conditional Transfer Orders, nor in state court cases -- and that Tobias

Millrood does not represent clients in MDL-1507.[1]

As a general rule, defendants have no role in the selection or approval of the

Plaintiffs' Steering Committee. In our experience, who serves on the Steering Committee is

largely determined by who is willing to commit time and money to the effort, and how much

of each -- matters that are no business of defendants. For that reason, Wyeth declined the

Court's invitation to participate in interviews of the proposed committee members, all of

whom represented clients in pending Prempro cases.[2]

---

[1]　This motion does not reflect any objection to the credentials of the four lawyers or
any past unfavorable experience. Wyeth has enjoyed a cooperative relationship with
Mr. Khorammi in other litigation, and with Mr. Millrood in the Prempro litigation
pending in Pennsylvania state courts. It has no experience with Ms. McGeever.

[2]　One proposed member, Mr. Millrood, represented (and still represents) only state
court litigants.

51

Wyeth is not aware of any precedent for appointing lawyers without clients to a Steering Committee. At the same time, we are not aware of any authority forbidding the appointment of such lawyers, although we believe that the *Manual for Complex Litigation (Third)*, fairly read, assumes that the lawyers selected to serve as Lead Counsel, Liaison Counsel and Steering Committee counsel will have a stake in the litigation by virtue of representing clients. This assumption is the cornerstone of the Model Rules of Professional Conduct. Rule 1.1 speaks of competence as the obligation to provide competent representation "to a client." Rule 1.2 provides with respect to the "Scope of Representation" that a lawyer "shall abide by a client's decisions concerning the objectives of representation . . . and shall consult with the client as to the means by which they are to be pursued." The Rule goes on to say that the lawyer "shall abide by a client's decision whether to settle a matter." With what client will Ms. McGeever consult about the objectives of the representation, and by what client's decision will Mr. Khorammi be bound if there is a proposed settlement? Or, to take the matter next at hand – the master complaint, due to be filed on November 21[3] -- by what clients will Ms. McGeever and Mr. Khorammi be guided in deciding what claims to assert? Insofar as we understand that Lead Counsel and the Steering Committee intend to drop the pending requests for a national class and to seek instead a series of statewide classes, how can Ms. McGeever's and Mr. Khorammi's judgments on such questions be guided by a client's decisions, as Rule 1.2 requires? A similar question must be raised about Mr. Millrood, who has clients, but not in this proceeding. When he participates in Steering Committee decisions about the scope of the master complaint, is he acting for his Pennsylvania state court clients or the plaintiffs in

---

[3]     Lead Counsel have requested a further extension of time to file the master complaint. Wyeth has advised Mr. Helder that it has no objection.

MDL-1507?  Does he not have an obligation to his Pennsylvania state court clients to put their interests first?  In other words, just as it would be unusual to entertain questioning or argument at a hearing or trial by a lawyer without clients, it is unusual here to entrust, in part, the leadership of the plaintiffs to lawyers who do not represent any of them.

Following on the heels of the Court's appointment of the three new members of the Steering Committee, Liaison Counsel for plaintiffs advised the Court of nine matters that the Committee wished to address at the December 16 hearing.  Four of the matters involved amending agreements -- Practice and Procedure Order No. 1, Practice and Procedure Order No. 2, proposed Practice and Procedure Order No. 3, and the Confidentiality Order -- reached months ago between Lead Counsel for plaintiffs and defendants.  In reaching these agreements with plaintiffs' Lead Counsel, Wyeth was told that they had the full backing of the proposed Steering Committee.  Because the Steering Committee as now constituted differs from the proposed committee only in the addition of those lawyers who lack clients, it seemed a reasonable inference that the new members of the Committee had swayed it to revisit past agreements.  That inference may be wrong, but it is a matter of concern if lawyers who are not constrained and guided by obligations to clients in this litigation are seeking to re-open agreements made by lawyers who are so constrained and guided.[4]

That said, if it had been drawn to the Court's attention that Ms. McGeever, Mr. Khorammi and Ms. Mitchell did not represent Prempro plaintiffs (and that Mr. Millrood

---

[4]     While we speak of "agreements," we recognize that the Practice and Procedure Orders and the Confidentiality Order, which were agreed to and submitted jointly by the parties, were reviewed (and, in part, modified) by the Court and now have the status of court orders, such that, as a formal matter, the Steering Committee is seeking reconsideration of orders.

did not represent MDL plaintiffs), or if representations have been made that they intend to

enter an appearance for certain plaintiffs (or to file federal Prempro cases), and the Court

approved their appointment in light of that information, we defer to the Court's judgment that

they will make a meaningful contribution to the Steering Committee and, in some respect,

will be answerable to clients in this litigation.

Respectfully submitted,

_Lyn P. Pruitt_

Lyn P. Pruitt

MITCHELL, WILLIAMS, SELIG, GATES &
WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800

John W. Vardaman, Jr.
Stephen L. Urbanczyk, Esq.
F. Lane Heard III, Esq.

WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005-5901
(202) 434-5000

DATED:  November 20, 2003                    *Attorneys for Wyeth*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2003 a true and correct copy of

the foregoing Memorandum In Support of Motion for Reconsideration of Plaintiffs' Steering

Committee Appointments, was forwarded by first-class mail, postage prepaid, to the parties

listed on the attached Service List.

_____
Lyn P. Pruitt

## SERVICE LIST

### PROPOSED STEERING COMMITTEE MEMBERS

Mr. Marc Coulter
Mr. Aaron Rihn
PEIRCE, RAIMOND & COULTER
2500 Gulf Tower
606 Grant Street
Pittsburgh, Pennsylvania  15219

Mr. Clint Krislov
Mr. Jason Stiehl
KRISLOV & ASSOCIATES, LTD.
Civic Opera Building
20 North Wacker Drive
Suite 1350
Chicago, Illinois  60606

Mr. Shawn Khorrami
Ms. Patricia Mitchell
LAW OFFICES OF SHAWN KHORRAMI
14550 Haynes Street, Third Floor
Van Nuys, CA  91411

Ms. Eileen L. McGeever
RUSHALL & McGEEVER
1903 Wright Place
Suite 250
Carlsbad, California  92008

Mr. Tobias Millrood
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania  19004

Mr. Paul Odenwald
CLARK & ODENWALD
3929 Tulane Avenue
New Orleans, Louisiana  70119

Mr. Willie Singleton
SINGLETON LAW FIRM
4050 Linwood Avenue
Shreveport, Louisiana  71108

Mr. Hank Wallace
WALLACE, CHAPUS & ASSOCIATES
2220 Grant Building
Pittsburgh, Pennsylvania  15219

### LEAD AND LIAISON COUNSEL

Mr. Jan P. Helder, Jr.
Mr. Brian J. Madden
STEUVE HELDER SIEFEL, LLP
330 West 47th Street
Suite 250
Kansas City, Missouri  64112

Mr. Michel Mills
PERONO, LANDER, BECK, LALLANDE &
SERBIN
300 East San Antonio Drive
P.O. Box 7948
Long Beach, California  90807-0948

Mr. Russell D. Marlin
Mr. Gary Holt
GARY EUBANKS & ASSOCIATES, LTD
708 West Second Street
P.O. Box 3887
Little Rock, Arkansas  72203-3887