**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

|                               |   |                                   |
|-------------------------------|---|-----------------------------------|
|                               | : | MDL DOCKET NO. 4:03-CV-1507-WRW   |
| IN RE:                        | : |                                   |
| PREMPRO PRODUCTS LIABILITY    | : |                                   |
| LITIGATION                    | : | ALL CASES                         |

**ORDER**

Pending are NIH's Motion to Quash Subpoena (Doc. No. 979) and Defendant Wyeth's Motions to Compel (Doc. Nos. 981, 1008). Oral argument was heard at the February 24, 2006 status conference and additional papers have been submitted since then.

**I.   BACKGROUND**

In a November 16, 2005 subpoena served on the Custodian of Records at NIH and Dr. Roussow, Wyeth requested, among other things, "the meeting minutes and reports of any standing or *ad hoc* committees or groups at NIH (including advisory committees to the WHI study) that relate to the WHI clinical trials."[1] NIH produced some of the requested documents but withheld other documents, including the minutes of the WHI advisory committees, on the ground that the documents were protected by the agency deliberative process privilege.[2]

NIH filed a Motion to Quash in support of its position.[3] Specifically, NIH requested the subpoena be quashed to the extent that it requests the minutes of the WHI Data and Safety Monitoring Board ("DSMB") and the minutes of the WHI NHLBI *Ad Hoc* Review Group.

---

[1] Doc. No. 982.

[2] Doc. No. 982, Ex. A.

[3] Doc. No. 979.

1

**II.    DISCUSSION**

In response to NIH's privilege claim, Wyeth has provided the Court with three sets of DSMB minutes, which were attached to Plaintiffs' expert reports.[4]  Wyeth claims that this evidence constitutes a waiver of the deliberative process privilege.  NIH contends that "[i]t is not known how the Plaintiffs obtained certain minutes of the DSMB, but the NIH did not publish the same on the internet."[5]  NIH further suggests "[i]t would appear that a disclosure of certain DSMB minutes was made pursuant to a FOIA request"[6] and that the "documents released were redacted, in accordance with the nine (9) FOIA exemptions, to protect information exempted from disclosure."[7]  Irregardless (sic), NIH asserts that the privilege was not waived.  I find that NIH's position is without merit.

NIH admits that it may have disclosed DSMB minutes pursuant to an FOIA request to a "private individual."[8]  However, there is no evidence suggesting that NIH was compelled to comply with the FOIA request.  Unless a court forced NIH to provide the documents, NIH cannot claim that such disclosure was involuntary.  Furthermore, NIH's lack of documentation regarding these disclosure, pursuant to the FOIA request, is troublesome.[9]  Finally, these minutes

---

[4] Doc. No. 1043.

[5] Doc. No. 1054.

[6] *Id.*.

[7] *Id.* at Ex. B.

[8] *Id.*

[9] *See State of N.D. ex rel. Olsen v. Andrus*, 581 F.2d 177, n.8 (8th Cir. 1978) ("In light of the FOIA's broad policy in favor of disclosure and the narrow construction given to the Act's exemptions, courts have generally exhibited an intolerant attitude toward administrative secrecy that appeared capricious.").

have very few redactions -- mostly limited to the names of specific DSMB members making statements and "outcome data not in public domain."[10] NIH contends that "efforts were made to protect any privileged or exempted information by redacting that not required to be produced."[11] Based on this statement, it appears that NIH is conceding that sections it did not redact were not entitled to exemption under the FOIA.

Furthermore, the deliberative process privilege is not an absolute privilege, but a qualified privilege.[12] The Ninth Circuit Court of Appeals has recognized that, because the privilege is qualified:

> A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.[13]

After reviewing the documents and hearing argument, it seems to me that these factors weighs in Wyeth's favor. Specifically, I feel that the minutes may be relevant since the WHI study is at the center of this litigation; the evidence is not available through another means; and disclosure does not chill debate among doctors involved in the NIH or the WHI advisory committees.

---

[10] Doc. No. 1043, Ex. A, B, C.

[11] Doc. No. 1054.

[12] *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

[13] *Id.* (citations omitted).

**CONCLUSION**

While the documents at issue may very well be predecisional and deliberative, the fact that this is a qualified privilege and the fact that NIH has previously disclosed minutes lead me to conclude that the deliberative process privilege does not provide a blanket protection to the minutes requested by Wyeth. Accordingly, NIH's Motion to Quash Subpoena (Doc. No. 979) is DENIED and Defendant Wyeth's Motions to Compel (Doc. Nos. 981, 1008) are GRANTED. NIH is directed to produce the transcripts at issue. However, NIH will be permitted to redact information (e.g. names, "outcome data not in the public domain," etc) that it feels is specifically entitled to privilege, as long as the redactions are as narrow as they were for the documents released in response to the FOIA request.

IT IS SO ORDERED this 20th day of March, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE