IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
|  | : | MDL DOCKET NO. 4:03-CV-1507-WRW |
| IN RE: | : |  |
| PREMPRO PRODUCTS LIABILITY | : |  |
| LITIGATION | : | ALL CASES |

## ORDER

Wyeth's Motion to Compel the Production of Materials Relied Upon By Dr. Graham Colditz (Doc. No. 1392) is DENIED.

Defendant requests that Plaintiff produce (1) the calculations Dr. Colditz used when determining the number of women who developed breast cancer because of hormone therapy; and (2) a summary of the "29 studies" that he relied on to show a link between hormone therapy and breast cancer.

Dr. Colditz's "preservation deposition" commenced on December 18, 2006 and was continued on December 29, 2006 and December 30, 2006. Wyeth asserts that the calculations and charts that Dr. Colditz used when forming his opinions should have been provided to counsel by December 14, 2006, but were not. Wyeth now contends that "because Dr. Colditz did not produce [the calculations and summary], [it was] unable to question him appropriately regarding his analysis which led him to the conclusions . . . ."[1] It seems to me that this issue could have been easily resolved on December 18, 2006, had either party notified me that there was an issue.

---

[1] *Rush v. Wyeth*, No. 4:05-CV-00497 (E.D. Ark. March 18, 2005), Doc. No. 444.

On January 18, 2007, Wyeth received Dr. Colditz's calculations, but the "summary of the 29 studies" still has not been provided.[2]  The parties agree that the "summary" is no longer available because it was either misplaced or destroyed after the December deposition.

Wyeth does not assert that it did not know which 29 studies were relied on by Dr. Colditz.  Instead, it contends that it did not have Dr. Colditz's summary of these studies and could not adequately question Dr. Colditz about his opinions.  I am not convinced.  Since Wyeth was aware of the 29 studies Dr. Colditz relied on, it had ample opportunity to explore Dr. Colditz's analysis of these studies during cross-examination.  The absence of the summary has not prejudiced Wyeth.

Additionally, Wyeth concedes that during the *Reeves* trial, it adequately cross-examined Dr. Colditz's assessment of the epidemiological studies on which he based his causation opinions.[3]  Considering that, I believe Wyeth has the testimony it claims it was unable to elicit during Dr. Colditz's December deposition.

IT IS SO ORDERED this 30th day of January, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[2] *Id*. at Doc. No. 488.

[3] *Id.* at Doc. No. 544.