**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
|  | **:** | **MDL DOCKET NO. 4:03-CV-1507-WRW** |
| **IN RE:** | **:** |  |
| **PREMPRO PRODUCTS LIABILITY** | **:** |  |
| **LITIGATION** | **:** | **ALL CASES** |

**ORDER**

Pending are Plaintiffs' Motion to Compel 30 (b)(6) Deposition Re: Prometrium (Doc.

No. 1734) and Motion to Compel Solvay Pharmaceuticals, Inc. Re: Safety Addendum (Doc.

No. 1779).  Defendants have responded (Doc. Nos. 1748, 1809).

**1.  Motion to Compel 30 (b)(6) Deposition Re: Prometrium**

During the April 18, 2008 Status Conference, I asked Plaintiffs which claim this discovery

went to.  Plaintiffs responded that it goes to her claim "that Prempro is defective in design and

unreasonably dangerous . . . ."[1]  Plaintiff asserted that this "claim is in our amended complaint,

which I don't believe you ever ruled on.  We had a motion to amend our master complaint."[2]

Plaintiffs filed a Motion to Amend Master Complaint on May 17, 2007.[3]  During the

August 2007 Status Conference, Defendants argued that Plaintiffs' proposed Amended Master

Complaint was simply an interim Amended Master Complaint, and that the issue should be put off

until Plaintiffs proposed a final Amended Master Complaint.  Since Plaintiffs' counsel agreed, the

Motion to Amend Master Complaint was denied without prejudice on August 24, 2007.[4]

---

[1]Doc. No. 1763.

[2]*Id.*

[3]Doc. No. 1540.

[4]Doc. No. 1628.

1

With no design defect claim in the Master Complaint,[5] I do not see how this discovery is "reasonably calculated to lead to the discovery of admissible evidence."[6]  Accordingly, Plaintiffs' Motion to Compel 30 (b)(6) Deposition Re: Prometrium (Doc. No. 1734) is DENIED without prejudice.  Additionally, it seems to me -- since we're now 5 1/2 years into this litigation -- that if Plaintiffs intend to amend the Master Complaint, they should do so forthwith.

### 2.  Motion to Compel Solvay Pharmaceuticals, Inc. Re: Safety Addendum

On May 19, 2008, a telephone conference was held to address Solvay's Motion for Protective Order.  During the hearing, I directed Solvay to submit an affidavit explaining why Solvay had not yet finished a safety addendum that it, at one time, suggested would be completed in 2005.[7]  After Solvay submitted this affidavit, Plaintiff filed the pending Motion to Compel.

Plaintiff's Motion to Compel Solvay Pharmaceuticals, Inc. Re: Safety Addendum is DENIED (Doc. No. 1779) at this time.  However, Solvay should increase its efforts to finalize the safety addendum, and should be prepared to give me a report on the status of the addendum at the August 22, 2008 Status Conference.

IT IS SO ORDERED this 28th day of July, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT COURT

---

[5]As an aside, I note that in two of the MDL bellwether trials, Plaintiffs dropped their design defect claims before they went to the jury.

[6]Fed. R. Civ. P. 26(b)(1).

[7]Doc. No. 1772.