A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Dec 02, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Dec 02, 2008**

FILED
CLERK'S OFFICE

IN RE: PREMPRO PRODUCTS LIABILITY LITIGATION
    Rick Jasperson, etc. v. Wyeth, et al., D. Minnesota,    )
        C.A. No. 0:08-4844    )
    Sandra Kirkland, et al. v. Wyeth, et al., D. Minnesota,    )    MDL No. 1507
        C.A. No. 0:08-4826    )

**TRANSFER ORDER**

    **Before the entire Panel**[*]: Plaintiffs in these two District of Minnesota actions have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Arkansas for inclusion in MDL No. 1507. Responding defendants Wyeth and Wyeth Pharmaceuticals, Inc., oppose the motions.

    After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Arkansas, and that transfer of the actions to the Eastern District of Arkansas for inclusion in MDL No. 1507 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Arkansas was a proper Section 1407 forum for actions brought by persons allegedly injured by Wyeth's Prempro, a hormone combination of estrogen and progestin used in the treatment of menopausal symptoms.[1] *See In re Prempro Products Liability Litigation*, 254 F.Supp.2d 1366 (J.P.M.L. 2003).

    Plaintiffs urge the Panel not to order transfer before their motions for remand to state court are ruled upon by the District of Minnesota court. Those motions, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to the transferee judge. *See, e.g.*, *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the

---

    [*] Judge Heyburn took no part in the disposition of this matter.

    [1] The scope of the litigation has evolved to include actions involving other Wyeth hormone replacement therapy (HRT) products, as well as HRT products manufactured and distributed by other pharmaceutical companies.

- 2 -

Honorable William R. Wilson, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | |