IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
|  | : | MDL DOCKET NO. 4:03-CV-1507-WRW |
| IN RE: | : |  |
| PREMPRO PRODUCTS LIABILITY | : |  |
| LITIGATION | : | ALL CASES |

**DISCOVERY PLAN ORDER**

**1.   GENERIC DISCOVERY**

After reading Plaintiffs' November 7, 2008, submission regarding "Generic Discovery Still Needed From Wyeth and Pfizer"[1] (which appears to over egg the puddin') and their "pared down" December 12, 2008, submission (which was quite vague),[2] I believe that a presumptive generic discovery deadline can be set as to Wyeth and Pfizer.

I agree that "[s]ome generic discovery must continue so long as these Defendants continue to market these drugs."[3]  However, this can't go on forever.  I believe that setting a presumptive discovery deadline as to Wyeth and Pfizer will provide focused attention on the issue at hand and advance this litigation.

I recognize that some issues continue to develop, but those issues can be addressed as they arise; it is not necessary to leave generic discovery open because a few issues may be outstanding.

Plaintiffs concede that "[m]ost of this last wave of discovery can be completed during the first quarter of 2009."[4]  Additionally, I believe that much of the discovery listed in Plaintiffs'

---

[1]Doc. No. 1896.

[2]Doc. No. 1925.

[3]*Id.*

[4]*Id.*

1

November 7, 2008, submission could turn out to be duplicative.  It also seems to me that much of the discovery could have been pursued years ago -- which further bolsters my opinion that remanding PPO 9 cases without some sort of discovery deadline will take the focus off of the important issue of completing generic discovery.

I do not intend to go through Plaintiffs' list of generic discovery one by one.  I asked them to pare it down, and still expect that to happen (without my involvement).  However, I will address one specific issue.  Plaintiffs contend that they want to take additional 30(b)(6) depositions -- 27 with Wyeth and 10 with Pfizer.  At a minimum, these numbers should be cut in half. If the depositions were that important, Plaintiffs would not have waited 6 years to notice them.

**Accordingly, for Wyeth and Pfizer, the generic discovery cut-off date is Tuesday, September 1, 2009.**  Since the parties have informed me that very few cases are set for trial in early 2009, this eight months should permit Plaintiffs plenty of time to focus on the generic discovery they need to obtain from Wyeth and Pfizer.  I want to emphasize, however, that this deadline is not absolute.  I realize that issues may develop that may cause Plaintiffs to believe that further investigation is needed.  So, Plaintiffs can first approach Defendants with the request, and, if that is unsuccessful, Plaintiffs may petition the Court. However, these "developing issues" are not expected to be the norm.

**2.    PPO 9 DISCOVERY**

Plaintiffs are now pushing for trials -- "the only path to justice . . . is through trial settings"[5] -- but in May, 2008, their position was "it is unlikely that more trials would tip the scales strongly either direction . . . there is little wisdom in taxing the parties and the courts to

---

[5]Doc. No. 1925.

establish more of what we already know."[6]  Although Plaintiffs urge remands of PPO 9 cases, I believe that doing this immediately will take Plaintiffs' attention away from the generic discovery issues.  If cases were to be remanded, the focus would be on getting those cases ready for trial, rather than meeting the September 1, 2009, deadline.  So, I am putting this issue on hold.  The parties can update me on this issue at the June 26, 2009, Status Conference.  At that point, the generic discovery should be far enough along to warrant consideration of remanding some PPO 9 cases.

However, I expect all relevant depositions for the cases designated under PPO 9 to be completed by Monday, August 17, 2009.  And to combat what Plaintiffs allege is stalling by Defendants (I'm not making a finding one way or the other), I may well remand the PPO 9 cases whether the discovery is complete or not.  However, I expect it to be completed.

3.     **GLOBAL SETTLEMENT**

In their proposed plans, Plaintiffs continue to discuss global settlement.  My June 18, 2008, Order reads, "I will consider a settlement conference/mediation program when all of the involved parties agree that one might be in order. Absent highly unusual circumstances, I do not a settlement conference/mediation program absent agreement of all parties."[7] I stand pat on this.

---

[6] Doc. No. 1765.

[7] Doc. No. 1807.

**4.	"REAL" CASES**

In a related matter, Defendants point out that there tends to be a "conservative drop-out rate of 20 percent"[8] of Plaintiffs when they become PPO 9 plaintiffs, and start getting subjected to case specific depositions.  Additionally, last year alone, I granted over 220 voluntary dismissals and over 600 PPO 8 dismissals.  What gives?  Please tell me "what gives" in a very brief response by 5 p.m., Friday, February 13, 2009.

**5.	NON-BREAST CANCER CASES**

Plaintiff asserts that 98% of these MDL cases involve breast cancer.[9]  While that may be true, there are hundreds, if not thousands, of cases that make claims for other injuries.  Considering this, and Plaintiffs' Steering Committee's responsibility to <u>all</u> Plaintiffs, I believe that Plaintiffs, if they have not already, should commence full-speed ahead discovery on the non-breast cancer issues.  The September 1, 2009, deadline also applies to these issues.  However, if Plaintiffs need more time for this discovery, they may raise the issue

**6.	DEFENDANTS OTHER THAN WYETH AND PFIZER**

My understanding is that the discovery on the non-Wyeth and non-Pfizer Defendants is in its infancy -- or not far beyond.  In light of this, I expect Plaintiff to forthwith commence discovery on these Defendants.  There is no reason for delay.

IT IS SO ORDERED this 27th day of January, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT COURT

---

[8]Doc. No. 1844.

[9]Doc. No. 1925.