A CERTIFIED TRUE COPY
ATTEST
By Jakeia Mells on Feb 04, 2009
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Feb 04, 2009

FILED
CLERK'S OFFICE

IN RE: PREMPRO PRODUCTS LIABILITY LITIGATION

Dorothy Allen, et al. v. Wyeth, et al., D. Minnesota, )
C.A. No. 0:08-4827                                    )          MDL No. 1507

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in this District of Minnesota action have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portion of our order conditionally transferring the action to the Eastern District of Arkansas for inclusion in MDL No. 1507. Responding defendants Wyeth and Wyeth Pharmaceuticals, Inc., oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Arkansas, and that transfer of the actions to the Eastern District of Arkansas for inclusion in MDL No. 1507 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of the action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Arkansas was a proper Section 1407 forum for actions brought by persons allegedly injured by Wyeth's Prempro, a hormone combination of estrogen and progestin used in the treatment of menopausal symptoms.[1] *See In re Prempro Products Liability Litigation*, 254 F.Supp.2d 1366 (J.P.M.L. 2003).

Plaintiffs urge the Panel not to order transfer before their motion for remand to state court is ruled upon by the District of Minnesota court. That motion, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable William R. Wilson, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*] Judges Heyburn and Hansen took no part in the disposition of this matter.

[1] The scope of the litigation has evolved to include actions involving other Wyeth hormone replacement therapy (HRT) products, as well as HRT products manufactured and distributed by other pharmaceutical companies.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen* |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |