IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
|  | : | MDL DOCKET NO. 4:03-CV-1507-WRW |
| IN RE: | : |  |
| PREMPRO PRODUCTS LIABILITY | : |  |
| LITIGATION | : | ALL CASES |

**SUPERCEDING PRACTICE AND PROCEDURE ORDER 9**
(Case Specific Discovery)

Practice and Procedure Order 9 allows the parties, in selected cases, to commence with case specific discovery.[1] Under PPO 9, the parties may take case-specific discovery depositions of the plaintiff(s), spouse(s), treating physician(s), and sales representative(s)

In the Discovery Plan Order,[2] I directed that "all relevant depositions" in PPO 9 cases should be completed by the August 17, 2009. The parties have agreed to the following changes:

1.   The depositions of treating physicians[3] and spouses (regardless of whether the spouse is a named plaintiff), may be taken after remand to the transferor court.

2.   With regard to depositions of sales representatives or district sales managers, Plaintiffs may take only one general deposition of each such person. However, in each case selected for remand in which the deposition was not specifically noticed, Plaintiffs may also take a single one-hour deposition, limited to case-specific issues, of a relevant sales representative. These depositions of sales representatives and sales managers may take place after remand.

---

[1] For list of cases, to date, authorized for PPO 9 discovery, see Doc. Nos. 1530, 1888.

[2] Doc. No. 1952.

[3] This applies to treating physicians who are identified as trial witnesses by any party under the transferor court procedures. Treating physicians include prescribers.

1

2

Again, when scheduling the depositions, the parties should be careful not to load one firm's wagon with more poles than a mule can pull, *i.e.*, I expect all parties to be reasonable in this regard.

IT IS SO ORDERED this 13th day of April, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE