A CERTIFIED TRUE COPY
ATTEST

By Teresa Bishop on Dec 01, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

-01507-BRW   Document 2171   Filed 12/01/09   Page

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 01, 2009

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PREMPRO PRODUCTS LIABILITY LITIGATION

Connie S. Hibbard v. Wyeth, Inc., et al., E.D. Kentucky,
C.A. No. 6:09-296

MDL No. 1507

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in this Eastern District of Kentucky action has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portion of our order conditionally transferring the action to the Eastern District of Arkansas for inclusion in MDL No. 1507. Responding defendants Wyeth and Wyeth Pharmaceuticals, Inc., oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Arkansas, and that transfer of the action to the Eastern District of Arkansas for inclusion in MDL No. 1507 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Arkansas was a proper Section 1407 forum for actions brought by persons allegedly injured by Wyeth's Prempro, a hormone combination of estrogen and progestin used in the treatment of menopausal symptoms.[1] *See In re Prempro Products Liability Litigation*, 254 F.Supp.2d 1366 (J.P.M.L. 2003).

Plaintiff urges the Panel not to order transfer before the Eastern District of Kentucky court rules on her motion for remand to state court. If that court does not rule on the motion by the time of Section 1407 transfer, however, plaintiff can present it to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable William R. Wilson, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] The scope of the litigation has evolved to include actions involving other Wyeth hormone replacement therapy (HRT) products, as well as HRT products manufactured and distributed by other pharmaceutical companies.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman[*]   Kathryn H. Vratil
David R. Hansen                   W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.             David G. Trager