## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03-CV 1507WRW |
| | : | |
| PREMPRO PRODUCTS LIABILITY | : | ALL CASES |
| LITIGATION | : | |
| | : | and |
| | : | |
| | : | Bryant v. Wyeth, et al. (Margaret Vone) |
| | : | Case No. 4:05-cv-00167 |
| | : | |
| | : | Bonanno v. Wyeth, et al. (Dewey Parker) |
| | : | Case No. 4:04-cv-00965 |
| | : | |
| | : | Darlene Lee v. Wyeth, et al. |
| | : | Case No. 4:05-cv-00146 |

### DEFENDANTS BARR PHARMACEUTICALS, LLC (f/k/a BARR PHARMACEUTICALS, INC.), BARR LABORATORIES, INC., AND GREENSTONE LLC'S MOTION TO STAY BRIEFING AND CONSIDERATION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DEFENDANTS GREENSTONE'S AND BARR'S AFFIRMATIVE DEFENSE OF FEDERAL PREEMPTION

Defendants Barr Laboratories, Inc., Barr Pharmaceuticals, LLC (f/k/a Barr

Pharmaceuticals, Inc.), and Greenstone LLC (f/k/a Greenstone Ltd.), request that the

Court stay briefing and consideration of "Plaintiffs' Motion for Summary Judgment Re:

Defendants Greenstone's and Barr's Affirmative Defense of Federal Preemption"

("Plaintiffs' Motion"), pending decision by the United States Supreme Court on the

defendants' petitions for writ of certiorari in *Mensing v. Wyeth*, Supreme Court Case Nos.

09-993, 09-1039.

*Mensing* addresses the federal preemption claims of a generic pharmaceutical

manufacturer.  The district court in *Mensing* granted the generic manufacturer

defendants' motion for summary judgment, finding that the plaintiff's claims were

preempted by federal law.  The Eighth Circuit reversed,[1] and the defendants filed petitions for writ of certiorari to the United States Supreme Court.  Although the plaintiff initially waived response, the Supreme Court asked the plaintiff to respond to the defendants' petitions.  Recently, as Plaintiffs' Motion acknowledges in a footnote,[2] the Supreme Court asked the Solicitor General to submit a brief on the defendants' petitions.  Given that the Supreme Court asked for a response from the plaintiff and has asked for the views of the United States, it is reasonable to assume that the Court does not accept plaintiffs' suggestion here that *Levine* is clearly determinative of the issue of preemption of state law claims against generic manufacturers – the issue raised in Plaintiffs' Motion.[3]

If the Supreme Court accepts the defendants' petitions in *Mensing*, the Supreme Court's opinion necessarily *must* inform this Court's analysis of the federal preemption arguments of generic manufacturers like Barr and Greenstone.  It would be both premature and a waste of the parties' and the Court's valuable and limited resources to brief and address the preemption issue at this time, especially without the benefit of the United States' position and the Supreme Court's determination.

The parties are not facing any dispositive motion deadlines, imminent remands, or trials.  Neither Barr nor Greenstone has filed a motion for summary judgment in the MDL seeking to dismiss plaintiffs' claims; thus, neither Ms. Parker,[4] Ms. Vone, Ms. Lee, nor any other MDL plaintiff is in present danger of having her claims dismissed on preemption grounds.[5]  There is no urgency requiring that this Court consider the

---

[1] 588 F.2d 603 (8th Cir. 2009).
[2] Plaintiffs' Motion at p. 19, fn. 43.
[3] *See* Plaintiffs' Motion at p. 1.
[4] Barr is not a defendant in the Dewey Parker case.
[5] Plaintiffs reference a preemption motion filed by Barr in the *Vance* case in West Virginia.  *See* Plaintiffs' Motion at p. 3.  In *Vance,* Barr was faced with a dispositive motion deadline and trial date, which is not the case here.

preemption issue now, particularly when the Supreme Court is seriously considering petitions for certiorari in the Eighth Circuit *Mensing* case.

In the interest of fairness, preservation of valuable and limited resources of the parties, and judicial economy, Barr and Greenstone request that the Court stay response, briefing, and consideration of the preemption issue until a determination by the United States Supreme Court in *Mensing*.  Alternatively, if the Court is not inclined to grant Barr and Greenstone's request for a stay, then Barr and Greenstone request that their responses to Plaintiffs' Motion be due 30 days from the date the Solicitor General's brief is filed to allow for the consideration by the parties and this Court of the position of the United States.

Barr and Greenstone also request expedited consideration of this Motion due to the 14-day time frame to respond to Plaintiffs' Motion.

Dated: June 3, 2010

Respectfully submitted,
/s/Gina M. Saelinger
Gina M. Saelinger (Ohio Bar #0061866)
Ulmer & Berne, LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202
gsaelinger@ulmer.com
Telephone:  (513) 698-5114
Facsimile:  (513) 698-5115
*Counsel for Defendants Barr*
*Pharmaceuticals, LLC*
*and Barr Laboratories Inc.*


/s/ William Hoffman
William Hoffman (Federal Bar #WH3792)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
whoffman@kayescholer.com
Counsel for Greenstone LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2010, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court and served on counsel of record via the CM/ECF system, and a true and correct copy was forwarded by electronic mail to the following:


Zoe B. Littlepage
Littlepage Booth
2043A W. Main St.
Houston, TX  77098
zoe@littlepagebooth.com



/s/ Gina M. Saelinger
*Gina M. Saelinger*


*#664079*