A CERTIFIED TRUE COPY

ATTEST

By Darion Payne on Jun 03, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Jun 03, 2010**

FILED
CLERK'S OFFICE

**IN RE: PREMPRO PRODUCTS LIABILITY LITIGATION**

| | |
|---|---|
| Sherrie Lewis v. Kmart Corp., et al., | ) |
| N.D. Georgia, C.A. No. 1:09-1448 | )    MDL No. 1507 |

A TRUE COPY I CERTIFY

James W. McCormack
Clerk

By: /s/ Tammy Downs, D.C.

**TRANSFER ORDER WITH SIMULTANEOUS**
**SEPARATION AND REMAND**

**Before the entire Panel**:  Plaintiff in an action pending in the Northern District of Georgia has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portion of our order conditionally transferring this action (*Lewis*) for inclusion in MDL No. 1507.  Defendant K-Mart Corp. (K-Mart) and third-party defendants PDX, Inc. (PDX) and National Health Information Network, Inc. (National Health) have also moved for the same relief.

After considering all argument of counsel, we find that *Lewis* involves, to some extent, common questions of fact with actions in this litigation previously transferred to the Eastern District of Arkansas, and that transfer of the action to the Eastern District of Arkansas for inclusion in MDL No. 1507 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  We further find that transfer of *Lewis* is appropriate for reasons that we set out in our original order directing centralization in this docket.  In that order, we held  that the Eastern District of Arkansas was a proper Section 1407 forum for actions brought by persons allegedly injured by Wyeth's Prempro, a hormone combination of estrogen and progestin used in the treatment of menopausal symptoms. *See In re Prempro Products Liability Litigation*, 254 F.Supp.2d 1366 (J.P.M.L. 200).

Since we initially centralized this litigation, it has evolved to include actions involving other Wyeth hormone replacement therapy (HRT) products, as well as HRT products manufactured and distributed by other pharmaceutical companies.  The *Lewis* action falls into the latter category. Plaintiff alleges, *inter alia*, that she developed breast cancer from taking Essian HS, a generic HRT drug manufactured by defendant Prasco Laboratories (Prasco), and Syntest HS, a generic HRT drug manufactured by defendant Syntho Pharmaceuticals, Inc (Syntho).  Those drugs and those defendants are involved in at least two actions already transferred to MDL No. 1507.  Moreover, Essian HS and Syntest HS are generic versions of Estratest, a HRT drug manufactured by Solvay Pharmaceuticals, Inc. (Solvay). Claims concerning Estratest are already at issue in the MDL, and Solvay is a defendant in several hundred transferred actions.  Given these circumstances, we conclude that plaintiff's claims against Prasco and Syntho should be included in the MDL.

- 2 -

With respect to plaintiff's claims against K-Mart, K-Mart's third-party claim for indemnification against PDX and National Health, and the counterclaims of PDX and National Health, however, we find that these claims are better left with the transferor court. These claims primarily involve allegations that K-Mart misled plaintiff regarding the status of FDA approval of the two HRT drugs, and thus they are only peripherally connected to the claims pending in the MDL No. 1507. Moreover, none of these defendants are currently involved in the MDL.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable William R. Wilson, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that plaintiff's claims against K-Mart, K-Mart's third-party claim against PDX and National Health, and the counterclaims of PDX and National Health are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of Georgia.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen              W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.         Barbara S. Jones

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

Barbara S. Jones
United States District Court
Southern District of New York

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

June 3, 2010

James W. McCormack, Clerk
402 U.S. Courthouse
600 West Capitol Avenue
Little Rock, AR 72201-3325

Re: MDL No. 1507 -- IN RE: Prempro Products Liability Litigation

Dear Mr. McCormack:

Attached is a certified copy of a transfer order issued today by the Judicial Panel on Multidistrict Litigation in the above-captioned matter.  The order is directed to you for filing.  Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, , 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

Today we are also serving an information copy of the order on the transferor court(s).  The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action."  **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file.  Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER.  Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court).  You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear.  Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

- 2 -

The Panel Service list is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Darion Payne
Darion Payne
Case Administrator

Attachments (Transfer Order is a Separate Document)

cc:   Transferee Judge:  Judge William R. Wilson, Jr.

JPML Form 29

**IN RE: PREMPRO PRODUCTS LIABILITY
LITIGATION**                                           MDL No. 1507

## PANEL SERVICE LIST

John P. Borger
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
**jborger@faegre.com**

Michael P. Bruyere
FIELDS HOWELL
191 Peachtree Street NE
Suite 4600
Atlanta, GA 30303
**mbruyere@fieldshowell.com**

Paul N. Farquharson
SEMMES BOWEN & SEMMES PC
25 South Charles Street, Suite 1400
Baltimore, MD 21201
**pfarquharson@semmes.com**

Mary C. Gill
ALSTON & BIRD LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424
**mary.gill@alston.com**

F. Lane Heard, III
WILLIAMS & CONNOLLY LLP
Edward Bennett Williams Building
725 12th Street, N.W.
Washington, DC 20005-5901
**lheard@wc.com**

William G. Holt
GARY EUBANKS & ASSOCIATES
Post Office Box 3887
Little Rock, AR 72203-3887
**HoltG@garyholtlaw.com**

Brendan G. Krasinski
ALSTON & BIRD LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424
**brendan.krasinski@alston.com**

Patrick Lysaught
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2504
**lysaught@bscr-law.com**

Jay Michael O'Brien
STRAWINSKI & STOUT PC
3340 Peachtree Road, NE
Suite 1445
Atlanta, GA 30326
**jmo@strawlaw.com**

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG
GATES & WOODYARD PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
**lpruitt@mwlaw.com**

Alan E. Rothman
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
**arothman@kayescholer.com**

Gina M. Saelinger
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
**gsaelinger@ulmer.com**

Blake J. Smith
NELSON & LORD
688 Walnut Street, Suite 103
Macon, GA 31201
**bsmith@nelsonsmith.com**

**MDL No. 1507 -- Panel Service List (Continued)**

Nicole Wolfe Stout
STRAWINSKI & STOUT PC
3340 Peachtree Road, NE
Suite 1445, Tower Place 100
Atlanta, GA 30326
**nws@strawlaw.com**

Craig Alan Webster
WEBSTER FIRM
1770 Indian Trail Road
Suite 200
Norcross, GA 30093
**cwebster@twflaw.com**