**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | **MDL Docket No: 403CV1507-WRW** |
| | § | |
| **PREMPRO PRODUCTS LIABILITY** | § | **ALL CASES** |
| **LITIGATION** | § | |
| | § | |

**MEMORANDUM IN SUPPORT OF**

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT
TO SUBPOENA OF JAY HENDERSON, ESQ.**

As this Court is aware, plaintiffs have recently discovered that the Wyeth and Pfizer /
Pharmacia / Upjohn defendants have been paying state medical malpractice carriers for those
entities to provide lawyers to treating physicians to prepare them for and represent them in
depositions.  Plaintiffs thus initiated discovery on this issue in various jurisdictions to understand
the true effect and extent of the defendants' actions.

In early 2004, this Court entered an initial order expressly prohibiting any ex parte
contact between defendants and any of the plaintiffs' treating physicians.[1]  At that time, this
Court cautioned defendants that even if they found "a state allows you to do an ex parte
conference, I want to be briefed on it before you do it because I'm going to try and find some
way around it."[2]  In September of 2005, this court entered a subsequent order clarifying that
"defendants ***and its attorneys*** will not conduct an *ex parte* interview with a physician identified
in that plaintiff's Fact Sheet as her current or former physician ***without first seeking leave of***

---

[1]    Ex. 1 - Order (03/16/04) at p. 4.

[2]    Ex. 2 - Transcript from status conference (02/13/04) at pp. 5-6.

*Court* and showing that the state law applicable to that plaintiff's claims permits such interviews."[3]

In 2004, plaintiffs issued discovery requests to Wyeth asking for copies of any indemnity agreements, joint defense agreements or agreements to pay for attorney fees for physicians.[4]  In response to plaintiffs' Motion to Compel, Wyeth agreed to provide any such agreements.[5]  Just last month, during the *Wilson v. Wyeth* trial, Wyeth represented to the court that Wyeth had entered into no such agreements with "any carrier" in 2004.[6]

But when the plaintiffs issued a subpoena to one of the lawyers representing Texas doctors in the HRT litigation, that representation was shown to be false.  As evidenced in Henderson, Block & Elmore's motion to quash the subpoena, Wyeth initiated communications with Texas Medical Liability Trust ("TMLT"), a physician insurer in Texas, in October 2002 to discuss the potential of a joint defense agreement regarding the Prempro litigation.[7]  On August 17, 2004, a Joint Defense Agreement was signed by Wyeth and TMLT.[8]  This is five months

---

[3]      Ex. 3 - Order (09/16/05)(emphasis added).

[4]      Ex. 4 - Wyeth's Responses to Plaintiff's First Requests for Production, Interrogatory # 18.

[5]      Ex. 5 - Transcript from status conference (06/24/04) at p. 100:5-6:  Wyeth agreed to provide "indemnity agreements as to prescribing physicians of MDL plaintiffs."

[6]      Lane Heard, speaking for Wyeth, told this Court on October 13, 2010: "They filed in 2004 a document request broadly asking for indemnification agreements.  We didn't have an agreement with State Volunteer **or any carrier** at that point.  We wouldn't talk to State Volunteer for another two years." Ex. 6 - Trial Transcript from *Wilson v. Wyeth* (10/13/10 PM) at p. 22:15-18 (emphasis added)(plaintiff has not received a certified copy of the transcript and therefore attaches the rough draft/uncertified copy).

[7]      Ex. 7, Respondent's Objections, Motion for Protection, and Motion to Modify and/or Quash Subpoena ("Motion to Quash"), p. 2.

[8]      *Id.*

**after** this Court entered an order prohibiting all *ex parte* contact and six years **before** Wyeth represented to this Court that there were no such agreements in 2004.

Jay Henderson, of Henderson, Block & Elmore, PLLC, is one of the attorneys retained by TMLT to represent physicians in the Prempro litigation.[9]   On October 11, 2010, plaintiffs personally served Mr. Henderson with a federal subpoena issued through the Southern District of Texas, Mr. Henderson's home district.[10]   The subpoena requested all materials relating to the relationship between TMLT and Wyeth.  The subpoena also requested a copy of the arbitration file regarding the ongoing dispute between TMLT and Wyeth.  It is plaintiffs' understanding that Wyeth has refused to pay the accrued attorney fees under the executed Joint Defense Agreement because Wyeth did not believe that the testimony from Texas physicians was sufficiently "cooperative" with Wyeth's defense.

On October 25, 2010, Henderson, Block & Elmore filed a motion to quash the plaintiffs' subpoena in the Southern District of Texas.[11]   In this motion, Mr. Henderson asserts that he cannot produce the Joint Defense Agreement absent a court order and that some of the correspondence and documents between Wyeth and TMLT may be privileged under an alleged "Joint Defense Privilege."  However, no such privilege can exist between Wyeth and TMLT since there is no attorney/client relationship.  In addition, plaintiffs are willing for this Court to review *in camera* any document that Mr. Henderson legitimately feels is privileged and rule upon those documents separately.

---

[9]     Ex. 7, Motion to Quash, p. 1.

[10]     Ex. 8, Subpoena for Jay Henderson (10/11/2010).

[11]     Ex. 7, Motion to Quash.

On October 28, 2010, Honorable Judge Lynn N. Hughes for the Southern District of Texas held a hearing on the motion to quash issue.  At the hearing, Mr. Henderson conceded to the jurisdiction of Judge Wilson and the MDL Court on the matter and Judge Hughes thus issued an order staying the case until this Court could rule on this discovery dispute.[12]  Plaintiffs thus present this matter for a determination by this Court.

Plaintiffs request the Court issue an order compelling Mr. Henderson and his law firm of Henderson, Block & Elmore to comply with the subpoena and produce the requested documents.

Dated: November 2, 2010.

Respectfully submitted,

/s/ Zoe Littlepage
Zoe Littlepage, #12896
Littlepage Booth
2043 A West Main
Houston, Texas 77098
Telephone: 713-529-8000
Facsimile:  713-529-8044
Email: zoe@littlepagebooth.com

LEAD COUNSEL FOR PLAINTIFFS

---

[12] Ex. 9, Order (October 28, 2010).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 2nd day of November, 2010, according to this Court's provision for service, the foregoing was served by electronic filing via the CM/ECF filing system and by email upon the following counsel of record:

Jay Henderson: jhenderson@hbelaw.com
Henderson, Block & Elmore, PLLC
5020 Montrose Blvd., Suite 300
Houston, TX 77006

F. Lane Heard, III:  lheard@wc.com
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

Jay Phillip Mayesh :  maoedar@kayescholer.com
Kaye Scholer
425 Park Avenue
New York, NY 10022

Lyn Peeples Pruitt:  lpruitt@mwsgw.com
Mitchell Williams Selig Gates & Woodyard, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201


/s/ Zoe Littlepage
Zoe Littlepage