IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | § | MDL Docket No. 4:03CV1507WRW |
| | § | |
| PREMPRO PRODUCTS LIABILITY | § | ALL CASES |
| LITIGATION | § | |
| _____ | § | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND OF PPO 9 WAVE THREE CASES**

Wyeth's response raises no real objection to the transfer of all Wyeth/Pfizer breast cancer cases in PPO 9 Wave Three. Those 230 cases should thus be immediately remanded. Wyeth's opposition brief admits the company has identified these cases. Certainly Wyeth can easily provide that list for the Court in short order.

Beyond that, Wyeth's response does little more than plead, yet again, for delay. But Wyeth's response is the best example of why this Court should promptly remand not only the PPO 9 Wave Three cases, but all MDL cases. According to Wyeth, while 207 women's cases were transferred for trial at the beginning of this year, only 58 have actually received trial settings and some of those women must wait another four years (until 2014) to reach trial. This statistic alone confirms why MDL plaintiffs should be allowed to get in line for trial now. These women, elderly and in poor health at the start of the litigation, cannot afford their day in court to be delayed any further.

Plus, there is no reason for selecting more PPO 9 cases or for the additional six month delay that PPO 9 adds. All case-specific discovery can be easily completed in the transferor

1

courts, especially since the transferor judges are entering scheduling orders that last two to three years.

Finally, Wyeth's argument that remand should await this Court holding a *Daubert* hearing on every conceivable scientific issue Wyeth and Pfizer can raise should fall on deaf ears. The number of hearing requests will be infinite. Consider the short-term use issue alone. This Court has already held a *Daubert* hearing on whether short-term use of E+P can cause breast cancer and ruled in plaintiff's favor. Three years ago, in 2007, Wyeth moved to exclude evidence that short term use of E+P can cause breast cancer (*Hill v. Wyeth*). At that time, Wyeth defined short-term use as less than five years. Mrs. Hill took E+P for slightly more than three years. The Court reviewed seven sets of briefing on the issue and held a *Daubert* hearing. The Court denied the motion. *See* Order, Document No. 384, *Hill v. Wyeth*, Case No. 05-546 (Aug. 7, 2008) at 2-3. Having lost, Wyeth now urges a *Daubert* hearing on whether less than three years use can cause breast cancer. And when that motion is denied, Wyeth will shift to two years.

Similarly, Wyeth first opposed remand based on the pending preemption decision of *Wyeth v. Levine*, 129 S. Ct 1187 (Mar. 4, 2009). Wyeth next claimed delay was warranted by the pending statute of limitations decision by the Minnesota Supreme Court in *Fleeger v. Wyeth*, 771 N.W.2d 524 (Minn. 2009). Then, it was the Eighth Circuit opinion in *Scroggin v. Wyeth*, 586 F.3d 547 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3467 (June 21, 2010). Wyeth assured the Court that the remand process would be unrestrained after *Scroggin*. Of course, that is because Wyeth hoped to win at least one of its points of error in *Scroggin* and substantially narrow, if not eliminate, the cases to be remanded. As soon as Wyeth lost *Scroggin*, it came up with new reasons to oppose remand. The first was that the Court should first set up scientific committees

to decide the *Daubert* issues independent of advocacy (this Court's and the Eighth Circuit's rulings be damned). Because this Court denied that request, recognizing that it would turn the adversary system on its ear, Wyeth now claims delay is justified as it seeks *Daubert* hearings on every scientific breast cancer issue Wyeth can conjure up.

There are always pending issues in any litigation, but they do not prevent trials from occurring. For many recent years, the U.S. Supreme Court wrestled with the appropriate standards for punitive damages as part of the cigarette smoking litigation (*Phillip Morris v. Williams*). But no one seriously suggested that every trial-set case involving a claim to punitive damages should have its trial setting cancelled pending final resolution. All litigations have outstanding issues. But they do not justify a continued stay on countless cases of elderly women, most of which have been pending for more than six or seven years already.

Dated this 3rd day of November, 2010.

    Respectfully submitted,

    /s/ Zoe Littlepage
    Zoe Littlepage, #12896
    Littlepage Booth
    2043 A West Main
    Houston, Texas 77098
    Telephone: 713-529-8000
    Facsimile: 713-529-8044
    zoe@littlepagebooth.com

    LEAD COUNSEL FOR PLAINTIFFS

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November 2010, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and a true and correct copy was forwarded by e-mail to the following parties:

F. Lane Heard, III:  lheard@wc.com
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

Jay Phillip Mayesh :  maoedar@kayescholer.com
Kaye Scholer
425 Park Avenue
New York, NY 10022

Lyn Peeples Pruitt:  lpruitt@mwsgw.com
Mitchell Williams Selig Gates & Woodyard, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201

                /s/ Zoe Littlepage
                Zoe Littlepage