IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **MDL Docket No. 4:03CV1507WRW** |
| | § | |
| **PREMPRO PRODUCTS LIABILITY** | § | **ALL CASES** |
| **LITIGATION** | § | |
| | § | |

**PLAINTIFFS' PROPOSED AGENDA FOR
NOVEMBER 19, 2010 HEARING**

Personal Injury Plaintiffs file the following proposed agenda for the November 19, 2010 hearing:

1. **Motion for Remand of PPO-9 Wave Three Cases** (Document No. 2414)
   The Court designated cases for PPO-9 core discovery last March and indicated the cases should be ready for remand within six months. Approximately nine months have passed since the order. Ample time has been allotted for discovery. The cases should be remanded.

2. **Plaintiffs' Motion to Prohibit Further Payments by Defendants for Treating Physicians' Lawyers and to Prohibit Communications Between Defendants' Lawyers and the Physicians' Lawyers** (Document Nos. 2412)

   This Court long ago prohibited any *ex parte* communication between defendants and any of plaintiff's treating physicians. Any notion that this allows Wyeth to sponsor a defense for the doctors so it can communicate with them through a lawyer conduit is not in good faith. The Court should enforce its *ex parte* order by prohibiting the scheme that this Court determined in the *Wilson* trial was equivalent in some respects to spoliation of evidence.

3. **Jay Henderson's and Henderson, Block and Elmore, PLLC's Motion to Quash Subpoena** (Document No. 2421)

4. **Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena of Jay Henderson** (Document No. 2430)

   These two motions relate to the same subject matter and should be heard together. Henderson asserts various objections to a subpoena instructing Henderson and his firm to

produce documents related to a Texas malpractice insurance carrier's relationship with Wyeth, with whom it has apparently entered into a joint defense agreement. Initially, plaintiffs understand that Wyeth has agreed to produce all joint defense agreements. Second, the *ex parte* order prohibits such a joint defense agreement, hence the physicians, their insurer and Wyeth are estopped from asserting privilege. Third, the simple fact that a document changes hands from one co-defendant to another does not make it privileged. It has to be a document prepared in anticipation and defense of litigation. An *in camera* review of the documents for which privilege is claimed is in order. Finally, the parties (the insurer and Wyeth) are in litigation. All documents that are matters of public record or not subject to secrecy should be produced.

5. **Philipa M. Remington's and Stinnett Thiebaud & Remington L.L.P.'s Motion to Quash Subpoena** (Document No. 2458)

   See discussion regarding Items 3 and 4 above.

   Items 3, 4 and 5 should be argued together because they relate to the same subject matter, namely discovery on alleged violations of the Court's *ex parte* order

6. **Wyeth's Motion to Strike Subpoenae as Void** (Document No. 2439)

   Wyeth moved to quash the subpoena of Jay Henderson on the ground that Wyeth had not been served with notice of the subpoena. This motion is now moot because plaintiffs reissued the subpoena and immediately served notice on Wyeth. Wyeth has now been served with notice of all subpoenas issued.

7. **Procedures for Upcoming *Daubert* Hearing on Short-Term Use**

   Plaintiffs inquire about how the hearing will be conducted, in particular, how much time will be allotted to each side.

Dated: November 15, 2010

Respectfully submitted,

/s/ Erik B. Walker
Erik B. Walker
Hissey, Kientz & Herron, P.L.L.C.
9442 Capital of Texas Highway N, Suite 420
Austin, TX 78759
888-237-5798
512-320-9101 (Fax)

**ATTORNEY FOR PLAINTIFFS ON BEHALF OF PSC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November 2010, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and a true and correct copy was forwarded by e-mail to the following parties:

F. Lane Heard, III:  lheard@wc.com
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

Jay Phillip Mayesh :  maoedar@kayescholer.com
Kaye Scholer
425 Park Avenue
New York, NY 10022

Lyn Peeples Pruitt:  lpruitt@mwsgw.com
Mitchell Williams Selig Gates & Woodyard, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201

/s/ Erik B. Walker
Erik B. Walker

**3**