IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | MDL DOCKET NO. 4:03-CV-1507-WRW |
| | : | |
| PREMPRO PRODUCTS LIABILTY | : | |
| LITIGATION | : | ALL CASES |

PLAINTIFFS' SUPPLEMENTAL FILING ON

WYETH'S MOTION TO PRECLUDE ANY EXPERT TESTIMONY
THAT PREMPRO USE INCREASES BREAST CANCER RISK
WHEN TAKEN FOR ONLY THREE YEARS OR LESS

Re: *Torkie-Tork v. Wyeth* Case

At the short-term use *Daubert* hearing held on November 29, 2010 in Puerto Rico, the Court asked for copies of transcripts from the *Torkie-Tork v. Wyeth* case. The following is the time line of events in the *Torkie-Tork* case currently pending before Judge T.S. Ellis of the Eastern District of Virginia:

1.      On August 27, 2010, Wyeth filed an omnibus motion challenging all of plaintiff's experts on multiple grounds.[1] One of Wyeth's *Daubert* challenges to plaintiff's case specific oncologist, Dr. Michael Wertheimer, was based upon the fact that Mrs. Torkie-Tork ingested E+P for less than five years. At trial, Wyeth asserts that Mrs. Torkie-Tork ingested E+P for less than three years (specifically 2.5 years). Plaintiff testified that she took E+P for 4 years. The length of use issue – and specifically the fact that the plaintiff ingested E+P for less than five years – is

---

[1]    Ex. 1 - Wyeth's Memorandum in Support of Defendant's Consolidated *Daubert* Motion.

referenced multiple times in Wyeth's *Daubert* brief as a part of its arguments for exclusion of Dr. Wertheimer's testimony.[2]

2.  On September 10, 2010, plaintiff responded to Wyeth's *Daubert* motion and pointed out multiple studies that showed elevated and statistically significant relative risk statistics for E+P use from 2 years to 4 years.[3]

3.  On November 12, 2010, the court addressed Wyeth's *Daubert* Motion as to Dr. Wertheimer but only allowed limited argument by Wyeth's counsel and did not permit any argument from the plaintiff's counsel.[4] The court did not issue a ruling at that time. The court similarly put off a ruling as to Dr. Michaels, plaintiff's pathologist.[5]

4.  On Monday, November 15, 2010, the court once more addressed Wyeth's *Daubert* challenges.[6] At that time, the court again did not permit any argument by counsel. While the court summarized some of its analysis of Dr. Wertheimer's methodology, Judge Ellis did not address all of the issues raised by Wyeth's motion. Judge Ellis held that many of Wyeth's

---

[2] Ex. 1 - Wyeth's Memorandum in Support of Defendant's Consolidated *Daubert* Motion at p. 3 ("The WHI investigators reported that women taking Prempro every day for approximately five years had a slightly higher risk of being diagnosed with breast cancer compared to women taking placebo pills. They also reported that Prempro conferred no increased risk of breast cancer if taken by post-menopausal women for less than five years"); p. 3 (footnote 6: "Figure 1 shows the incidence of invasive breast cancers in the Prempro and placebo populations over time in the WHI trial. The graph shows that the curves do not diverge and separate until 5 years, demonstrating that up until 5 years of use the risk between Prempro and placebo is the same."); p. 7 ("(2) clinical trial data indicate that taking Prempro for significantly less than five years, like Plaintiff did, does not increase the risk of breast cancer."); and p. 15 ("Here, he makes his fourth and final assumption: that taking Prempro for a period of fewer than five years increases the risk of ER+ breast cancer in a woman with menopausal symptoms. This assumption, however, is inconsistent with data from the WHI clinical trial, which he describes as the largest controlled trial ever conducted of postmenopausal women and the 'gold standard' of scientific evidence.").

[3] Ex. 2 - Plaintiff's Opposition to Defendant's Consolidated *Daubert* Motion at p. 5 (footnote 9), p. 20, and p. 20 (footnotes 95-99).

[4] Ex. 3 – *Torkie-Tork v. Wyeth*, Trial Transcript from 11/12/10 at pp. 26-34.

[5] *Id.* at pp. 50-54.

[6] Ex. 4 – *Torkie-Tork v. Wyeth*, Trial Transcript from 11/15/10 starting at p. 74.

assertions went "to weight, not admissibility, so that is not a basis for exclusion."[7] Judge Ellis concluded by denying Wyeth's motion as to Dr. Wertheimer and stated, "In the end, I am going to allow him."[8] At that same hearing, the court expressed a desire to ask Dr. Michaels some preliminary questions before making a final decision as to Dr. Michaels.

5. Dr. Wertheimer testified on November 17, 2010.[9] Wyeth cross-examined Dr. Wertheimer at length about Mrs. Torkie-Tork's length of E+P use and the impact of that fact on his opinions.[10]

5. On Tuesday November 23, 2010, Dr. Michaels testified via video-conferencing at the trial.[11] Judge Ellis first held a hearing – outside of the presence of the jury – and took testimony on specific *Daubert* issues. Dr. Michaels was then permitted to testify fully before the jury.

6. To date, Judge Ellis has not issued a written *Daubert* order.

Dated this 29th day of November, 2010.

Respectfully submitted,

/s/ Zoe Littlepage
Zoe Littlepage, #12896
Littlepage Booth
2043 A West Main
Houston, Texas 77098
Telephone: 713-529-8000
Facsimile:  713-529-8044
**zoe@littlepagebooth.com**

PLAINTIFFS' LEAD COUNSEL

---

[7] Ex. 4 – *Torkie-Tork v. Wyeth*, Trial Transcript from 11/15/10 at p. 75:12-13.
[8] *Id.* at p. 76:6.
[9] Ex. 5 – *Torkie-Tork v. Wyeth*, Trial Transcript from 11/17/10 AM, starting on p. 77.
[10] Ex. 6 – *Torkie-Tork v. Wyeth*, Trial Transcript from 11/17/10 PM at pp. 162-168, 245-246.
[11] Ex. 7 – *Torkie-Tork v. Wyeth*, Trial Transcript from 11/23/10 AM.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November 2010, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and a true and correct copy was forwarded by e-mail to the following parties:

F. Lane Heard, III:  lheard@wc.com
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

Jay Phillip Mayesh:  maoedar@kayescholer.com
Kaye Scholer
425 Park Avenue
New York, NY 10022

Lyn Peeples Pruitt:  lpruitt@mwsgw.com
Mitchell Williams Selig Gates & Woodyard, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201

/s/ Zoe Littlepage
Zoe Littlepage