# HISSEY, KIENTZ & HERRON, P.L.L.C.
Attorneys at Law

9442 Capital of Texas Hwy North
Plaza One, Suite 420
AUSTIN, TEXAS 78759

MICHAEL E. HISSEY
ROBERT E. KIENTZ
ERIK B. WALKER

TELEPHONE: 713-224-7670
FACSIMILE: 713-224-7671

February 9, 2011

**Via Electronic Filing**
The Honorable Billy Roy.Wilson
United States District Judge
United States District Court for the
    Eastern District of Arkansas
600 West Capitol Avenue, Room 223
Little Rock, Arkansas 72201

    Re:    Short-Term Use Issue, *In re Prempro Prods. Liab. Litig.*, Case No. 03-1507; *Kuhn v. Wyeth*, Case 04-6042; *Davidson v. Wyeth*, Case No. 05-6074

Dear Judge Wilson:

    Plaintiffs bring to the Court's attention yet another opinion just released finding plaintiff's evidence of short-term use sufficient to sustain a jury verdict. This decision, reached Monday and released yesterday, is from a court of appeals in Pennsylvania. Wyeth filed a letter yesterday in which it briefly mentions the opinion, misstates the evidence facing the trial court and appellate courts and repeats the same arguments it unsuccessfully made to the court of appeals.

    The plaintiff in *Daniel v. Wyeth Pharmaceuticals, Inc.*[1] used Prempro for 18 months, one month less than the plaintiff in the *Davidson* case in this Court. Wyeth filed a pretrial motion to exclude expert testimony based on short-term use under Pennsylvania's *Frye* standard, which is stricter than the *Daubert* standard governing this Court's determinations.[2] After a two-day *Frye* hearing, the trial court denied the motion. While the appeal had a complicated procedural history, Wyeth raised four cross-appeal issues, one of which was that there is insufficient evidence that short-term use causes breast cancer.

---

[1]     2011 Pa. Super. 23 (No. 2626 EDA 2007) (Feb. 7, 2011) (attached as Ex. 1).

[2]     *See Summers v. v. Certainteed Corp.*, 997 A.2d 1152, 1168 (Pa. 2010) (Saylor, J., concurring) (*citing GE v. Joiner*, 522 U.S. 136, 142 (1997)); *Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1044 (Pa. 2003).

The court of appeals found the evidence that short-term use promotes breast cancer sufficient to sustain the jury verdict.[3] The court cited much of the evidence plaintiffs presented to this Court, including testimony by Drs. Colditz and Austin[4] and the Ravdin study results. Contrary to Wyeth's claim otherwise, Dr. Austin testified live at trial on the short-term use issue. So did other expert witnesses for the plaintiff. The Ravdin study involved ecological evidence establishing a clear short-term effect. In particular, the study revealed that when prescriptions for E+P plummeted after the WHI study results were announced, breast cancer rates began to decline substantially in six months and dramatically after 18 months. This establishes that E+P's effect on breast cancer is immediate and dramatic.

The court of appeals reversed the trial court order granting a new trial, reinstated the compensatory damages award and reversed the trial court's J.N.O.V. against the punitive damages award, reinstating punitive damages. The decision is attached.

Wyeth asserts that this Court should ignore the plethora of court decisions finding sufficient evidence of a short-term effect because this Court has the status of an MDL court. With due respect, the fact that a decision is reached in MDL proceedings does not make it sacrosanct or free from the potential for error. And it certainly does not mean this Court should ignore what other courts have held. The first case Wyeth cites from the PPA litigation does not state, as Wyeth claims, that MDL courts should "uncomplicate matters" regarding "complex legal issues." Rather, the court said MDL courts should "uncomplicate matters" regarding <u>procedural hurdles</u> so the litigation runs efficiently. The section Wyeth quotes has <u>nothing at all to do with substantive issues</u>.[5] The next citation Wyeth makes is to the Manual. But even Wyeth concedes that the Manual simply says it is efficient (actually, the Manual says it "might be" efficient) for MDL courts to decide general causation issues,[6] not that MDL courts should ignore the holdings of other courts in doing so or that their decisions are somehow more persuasive than other courts' decisions.

Very truly yours,

**HISSEY, KIENTZ & HERRON, P.L.L.C.**

Erik B. Walker
On behalf of the PSC

---

[3]   Ex. 1 at 35-39.

[4]   *Id.* at 36-38.

[5]   *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231-32 (9th Cir. 2006).

[6]   Manual on Complex Litigation § 22.87 (4th ed. 2004).

        /s   *Breean Walas*
Breean Walas
William Gary Holt
Gary Holt & Associates, P.A.
Post Office Box 3887
Little Rock, Arkansas  72203-3887
(501) 372-0266 phone
(501) 372-2249 fax
Email:  holtg@garyholtlaw.com
Email:  walasb@garyholtlaw.com

On behalf of Plaintiffs, Kuhn and Davidson

*Attachment as indicated.*

cc:     F. Lane Heard (w/attachment)