UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| PREMPRO PRODUCTS LIABILITY | § | MDL DOCKET NO.  4:03-CV-01507-BRW |
| LITIGATION | § | |
| | § | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
THE PLAINTIFFS' STEERING COMMITTEE'S MOTION
TO REMAND CASES AGAINST WYETH AND PFIZER ENTITIES**

1.  This supplemental memorandum is filed on behalf of those 441 Plaintiffs listed in Ex. 1, attached, who are represented by Fleming & Associates, L.L.P. (F&A).

2.  On February 7, 2011, the Plaintiffs' Steering Committee filed a global motion on behalf of thousands of MDL 1507 plaintiffs, asking the Court to establish a plan for the remand of all their cases, which have been pending against Wyeth and Pfizer entities for many years.

3.  The F&A Plaintiffs listed in Ex. 1 are among those plaintiffs made the subject of the PSC's motion.  The 441 Plaintiffs are more than ready to have their cases remanded to their transferor courts.

4.  About a week after the PSC's global motion was filed, the Court issued its latest Order under PPO-9 (Doc. 2575).  Copies of the Order and attached list are appended as Ex. 2. The February 15, 2011 Order directed that the parties to about 500 cases listed in its attachment engage in prescribed and limited case-specific discovery.

The filing dates of the cases now permitted to engage in case-specific discovery range from 2004 through 2006.  According to PPO-9, the limited discovery will take at least six months.  At that pace, most of the MDL 1507 plaintiffs will not be allowed to take case-specific discovery for years to come.

5.      The latest PPO-9 Order is a palliative measure at best, doing nothing to help the thousands of plaintiffs, including those represented by F&A, whose cases continue to languish in the MDL 1507 backlog.  In short, it is less than a bandaid.

6.      The MDL statute envisions the centralization of cases for pretrial proceedings when the cases share common issues.  Centralization is solely for the convenience of the parties and witnesses when cases share common pretrial needs.  Once consolidated pretrial proceedings have concluded, remand to the transferor courts is required.  *See* 28 U.S.C. § 1407(a).  That is precisely what is required here.  The cases listed in the Court's latest PPO-9 Order share no common issues that require them to remain in the transferee court.  In fact, the sole purpose of PPO-9 is to accomplish "case-specific" discovery.  That is not the function of an MDL and further reason why all cases should be remanded to their transferor courts.

7.      Generic discovery has been over in MDL 1507 for 18 months.  Given its completion, this Court's role should be over.  *See Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1198 (S.D. Ind. 2001) ("In . . . cases where only case-specific discovery and motion practice remains . . . we would be inclined to issue a suggestion for remand."); *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 169 F.R.D. 632, 638 (N.D. Ill. 1996) ("[A] multidistrict proceeding is not the appropriate mechanism for the conduct of *case-specific* discovery.") (italics in original); *In re Air Crash Disaster at Tenerife,* 461 F.Supp. 671, 672-73 (Jud.Pan.Mult.Lit. 1978) (remanding because "remaining pretrial proceedings . . . are primarily, if not entirely, unique to [the plaintiff]"); *In re Evergreen Valley Project Litig.*, 435 F.Supp. 923, 924 (Jud.Pan.Mult.Lit. 1977) (remanding since pending motion to dismiss "can easily be . . . determined by the transferor court"); *In re Air Crash Disaster at Pago Pago*, 394 F.Supp. 799,

800 (Jud.Pan.Mult.Lit. 1975) (remanding because common factual questions on liability had been resolved).

8. But that has not happened. Instead, thousands of MDL 1507 claimants suffering from breast cancer continue to be imprisoned in an eight-year old MDL demonstrating virtually no meaningful progress. And, unfortunately, the latest PPO-9 Order serves to underscore the gridlock MDL 1507 has become.

Despite the fact that generic discovery against Wyeth and Pfizer as to breast cancer claims has been over for more than a year, they remain mired in MDL 1507 for no valid reason. The cases could easily be resolved, including the minimal amount of discovery required, in the transferor courts. As the PSC's motion has recognized, no MDL claimants will derive any benefit from further coordination; but all would benefit from remand as soon as possible.

9. In short, the release of a trickle of cases for narrow case-specific discovery, when generic discovery has long been over, solves none of the underlying problems of MDL 1507. Only the global remand of cases requested by the PSC is proper under the circumstances.

10. Therefore, the 441 Plaintiffs listed in Ex. 1 oppose the latest PPO-9 order (Doc. 2575), reurge their own motion to remand, and continue to support the PSC's global motion for remand.

Respectfully submitted,

*/s/George M. Fleming*
George M. Fleming
Texas Bar No. 07123000
G. Sean Jez
FLEMING & ASSOCIATES, L.L.P.
Texas Bar No. 00796829
1330 Post Oak Boulevard, Suite 3030
Houston, TX 77056
Telephone (713) 621-7944
Facsimile (713) 621-9638
E-mail: george_fleming@fleming-law.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

On February 22, 2011, I electronically filed this document through the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Lynn Pruitt<br>MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD<br>425 West Capitol, Suite 1800<br>Little Rock, AR  72201<br>LPruitt@mwsgw.com<br>**Defendants' Liaison Counsel**<br>**for service** | Ralph M. Cloar, Jr.<br>ATTORNEY AT LAW<br>1501 N. University Ave., Suite 640<br>Little Rock, AR  72201<br>**Plaintiffs' Liaison Counsel**<br>**for service** |
| F. Lane Heard<br>John L. Vardaman<br>Stephen L. Urbanczyk<br>WILLIAMS & CONNOLLY, L.L.P.<br>725 Twelfth St., N.W.<br>Washington, DC  20005<br>lheard@wc.com<br>**Defendants' Liaison Counsel**<br>**for service** | Zoe Littlepage<br>LITTLEPAGE BOOTH<br>2043-A West Main Street<br>Houston, TX  77098<br>**Plaintiffs' Liaison Counsel**<br>**for service** |

                                                */s/George M. Fleming*
George M. Fleming
FLEMING & ASSOCIATES, L.L.P.
Texas Bar No. 00796829
1330 Post Oak Boulevard, Suite 3030
Houston, TX 77056
Telephone (713) 621-7944
Facsimile (713) 621-9638
E-mail: george_fleming@fleming-law.com